## Brehony, Exr., *v.* Brehony, Appellant.

*Wills—Probate—Issue devisavit vel non—Appeals—Common pleas—Orphans' court.*

1. Where an issue has been awarded to the common pleas to determine a substantial dispute as to the validity of a will and has been decided, the losing party, if he desires to avoid the consequences of the judgment, must appeal directly from that court and not from the orphans' court.

*Wills—Probate—Issue devisavit vel non—Right of chancellor to set aside verdict.*

2. The trial judge who sits to determine an issue devisavit vel non, acts as a chancellor.

3. He is not bound by the verdict when it is against the manifest weight of the evidence.

4. If his professional and official conscience is not satisfied that the evidence is sufficient to sustain a verdict against the will, either because it lacks probative force, or inadequacy, it is his duty to set the verdict aside.

*Wills—Probate—Signature—Assistance—Evidence—Burden of proof—Act of June 7, 1917, P. L. 405.*

5. Section 2 of the Wills Act of June 7, 1917, P. L. 405, which requires every will to be signed at the end thereof, does not require the signature to be solely in the handwriting of the testator, so as to furnish evidence of identity, and as a protection against fraud, but the legal authentication of a will continued after the act, as theretofore, to be dependent on the testimony of the re-

quired number of witnesses, leaving the particular mode of execution unfettered.

6. When two subscribing witnesses testify that they were present and testatrix affixed her name at the end of the will on the date on which it purports to have been executed, and heard her declare that it was her will, and knew what it was, asking them to sign it, a prima facie case is made out, and the execution of the will is so far established as to cast on the contestants the burden of showing that it was not executed.

7. Whether a testator can write at all makes no difference in determining the validity of a will, nor does it matter whether he is so stricken that he cannot write, or can write only with difficulty.

8. Where testator's mental conception is entirely clear, and he desires to sign the will, but his physical powers unassisted will not permit it, and such assistance is called in, the incident of assistance becomes immaterial so long as there is a conscious wish of the testator that his hand should make the signature. His participation in the slightest degree, or acquiescence in or adoption of the signature, is sufficient.

Argued February 7, 1927. Before Frazer, Walling, Kephart and Schaffer, JJ.

Appeal, No. 89, Jan. T., 1927, by defendant, from judgment of C. P. Schuylkill Co., May T., 1924, No. 540, for plaintiff n. o. v., in case of James Brehony, executor of William Brehony, deceased, v. John Brehony. Affirmed.

Issue devisavit vel non. Before Berger, J.

The opinion of the Supreme Court states the facts.

Verdict for defendant on which judgment was entered for plaintiff n. o. v. Defendant appealed.

*Error assigned* was, inter alia, judgment for plaintiff n. o. v., quoting record.

*M. A. Kilker,* with him *G. H. Gerber* and *A. D. Knittle,* for appellant.—The issue raised being forgery, the burden of proving that the paper was legally executed is on plaintiff: Huston v. Ticknor, 99 Pa. 231; Bradley v.

Pierce, 180 Pa. 262; Boyd v. Boyd, 66 Pa. 283; Robinson v. Robinson, 203 Pa. 400; Yardley v. Cuthbertson, 108 Pa. 395; Wilson's App., 99 Pa. 545; Miller v. Miller, 187 Pa. 572; Scattergood v. Kirk, 192 Pa. 263.

The court erred in entering judgment n. o. v.: Newhard v. Yundt, 132 Pa. 324; Cauffman v. Long, 82 Pa. 72; Sharpless's Est., 134 Pa. 250.

*M. M. Burke,* with him *John J. Moran* and *J. A. Noecker,* for appellee.—The trial judge had a right to set aside the verdict in this issue: Englert v. Englert, 198 Pa. 326; Keller v. Lawson, 261 Pa. 489; Kustus v. Hager, 269 Pa. 103, 106; Tetlow's Est., 269 Pa. 486; Kesler v. Hagus, 271 Pa. 512; Fleming's Est., 265 Pa. 399; Snyder's Est., 279 Pa. 63; Roberts v. Clemens, 202 Pa. 198; Logan's Est., 195 Pa. 282; Wolfe's Est., 284 Pa. 169.

The burden of proof to establish that the paper which was admitted to probate by the register of wills was a forgery, was shifted to defendant by the evidence offered by plaintiff in making out his case in chief: Logan's Est., 195 Pa. 282, 283; Lawrence's Est., 286 Pa. 58.

White's Est., 262 Pa. 356, is in some respects parallel to the instant case.

Opinion by Mr. Justice Kephart, March 21, 1927:

This is an appeal from a judgment of the court of common pleas to which an issue, framed by the orphans' court, was referred for trial. The question to be determined was whether the name affixed to a will was forged. The jury found it had been forged, but the trial judge on motion for judgment n. o. v. set the verdict aside and entered judgment in favor of the proponents of the will, thus sustaining the validity of the signature. Under the rule in Cross's Est., 278 Pa. 170, where an issue had been awarded to the common pleas to determine a substantial dispute as to the validity of a will and has been decided, the losing party, if he desires to avoid the con-

sequences of the judgment, must appeal directly from that court: hence, the appeal in this case is proper, and it is not necessary to take an appeal from the orphans' court.

The trial judge, who sits to determine an issue devisavit vel non, acts as a chancellor. He is not bound by a verdict when it is against the manifest weight of the evidence, which is addressed to him quite as much as to the jury. If his professional and official conscience is not satisfied that it is sufficient to sustain a verdict against the will, either because it lacks probative force or inadequacy, it becomes his duty to set the verdict aside: Kustus v. Hager, 269 Pa. 103; Keller v. Lawson, 261 Pa. 489; Englert v. Englert, 198 Pa. 326. The will was not signed by writing the name after which a mark was affixed as an adoption of the signature, but was signed by the aid of another who guided testator's hand. Section 2 of the Wills Act of June 7, 1917, P. L. 403, which requires every will to be signed at the end thereof, does not mean that the signature be solely in the handwriting of the testator, so as to furnish evidence of identity and as a protection against fraud, but the proof of legal authentication of a will continued, as theretofore, to be dependent on the testimony of the required number of witnesses, leaving the particular mode of execution unfettered: Kimmel's Est., 278 Pa. 435, 439; Vernon v. Kirk, 30 Pa. 218, 223. Therefore, when the two subscribing witnesses in this case testified they were present and saw Mary Brehony affix her name at the end of the will on the date on which it purports to have been executed, and heard her declare that it was her will, and that she knew what it was, asking them to sign it, a prima facie case was made out; the execution of the will was so far established as to cast on the contestants the burden of showing that it was not executed: Lawrence's Est., 286 Pa. 58, 64; Logan's Est., 195 Pa. 282, 283.

The circumstances attending the execution of the will were these: Testatrix had been blind for some years and had been confined through illness to her room a few days

before the will was executed. When about to place her signature on the document she called in her brother William, the principal beneficiary, to assist. He placed his left arm about her wrist, raised her in bed and with his right hand placed over her right hand wrote her name. Thereafter the subscribing witnesses attested the will as above indicated.

It is insisted this method of affixing the signature did not comply with our Act of Assembly in that "the will was not signed at the end thereof." Whether a testator can write at all makes no difference in determining the validity of a will, nor does it matter whether he is so stricken that he cannot write, or can write only with difficulty. Where testator's mental conception is entirely clear and he desires to sign the will, but his physical powers unassisted will not permit it, and such assistance is called in, the incident of assistance becomes immaterial so long as there is a conscious wish of the testator that his hand should make the signature. His participation in the slightest degree, or acquiescence in or adoption of the signature is sufficient: McClure v. Redman, 263 Pa. 405, 411, 412; Fritz v. Turner, 46 N. J. Eq. 515, 22 Atl. 125; Kearney's Will, 74 N. Y. S. 1045. Therefore, it makes no difference whether this will was signed by Mary Brehony herself with the aid of her brother, or by William Brehony at her request, as long as the signature was adopted and legal proof is present: Hughes's Est., 286 Pa. 466, 469 et seq.

The remaining question, as to whether there was evidence sufficient in quantity and quality to sustain the verdict, needs but little attention. The record has been examined with great care, and we are satisfied the trial judge was well within the rules laid down by this court in setting aside the verdict: Tetlow's Est., 269 Pa. 486; Lawrence's Est., 286 Pa. 58.

The will was a natural one; the property was given to her brother, her only close relative then living. The assignments have all been considered. They are overruled and the judgment of the court below is affirmed.