ASH *v.* MORGAN.

5-2209          339 S. W. 2d 309

Opinion delivered October 24, 1950.

*Reinberger & Eilbott* and *Don H. Smith,* for appellant.

*Brockman & Brockman,* for appellees.

J. Seaborn Holt, Associate Justice. This appeal is from the judgment of the Jefferson County Probate Court denying appellant's motion to probate the alleged will of Mattie Rikard.

Mattie Rikard, aged 79, died on April 27, 1959, after having purportedly executed a will on April 14, 1959, at the home of Dan Ash, sole beneficiary under the will. An objection was made to the probate of the will and a hearing was held, at which time the only question considered by the lower court was whether the will was properly executed or not. Questions of undue influence, fraud, or mental capacity of the testatrix, were not considered. At this hearing it was stipulated by the parties that the two attesting witnesses, Mrs. Ira Dean and R. Z. Hillis, were not present when Mattie Rikard signed the will by her mark, nor were they in the presence of each other, nor did the testatrix acknowledge her signature in their presence.

Our applicable statute relative to the proper execution and attestation of a will is § 60-403, Ark. Stats. 1947 Ann., which provides:

"Execution.—The execution of a will, other than holographic, must be by the signature of the testator and of at least two witnesses as follows:

"a. TESTATOR. The testator shall declare to the attesting witnesses that the instrument is his will and either

"(1) Himself sign; or

"(2) Acknowledge his signature already made; or

"(3) Sign by mark, his name being written near it and witnessed by a person who writes his own name as witness to the signature; or

"(4) At his discretion and in his presence have someone else sign his name for him, (the person so signing shall write his own name and state that he signed the testator's name at the request of the testator); and

"(5) In any of the above cases the signature must be at the end of the instrument and the act must be done in the presence of two or more attesting witnesses.

"b. WITNESSES. The attesting witnesses must sign at the request and in the presence of the testator."

We think it evident from the above admitted facts that the sections of § 60-403 specifically requiring that a will to be valid must be executed "in the presence of two or more attesting witnesses . . . [and] the attesting witnesses must sign at the request and in the presence of the testator", were not complied with, and therefore the will must be and is declared invalid.

But, says appellant, there was substantial compliance with the statute here involved (Ark. Stats. § 60-403). What constitutes substantial compliance with a statute is a matter depending on the facts of each particular case. Here neither of the alleged attesting witnesses signed in the presence of the testator, nor in the presence of each other. And at the trial neither of them was called to testify, nor did the proponent of the will offer any explanation as to their absence or failure to testify. Under the facts of the case at bar we hold that the will was not validly executed in the presence of the two persons who signed their names as subscribing witnesses.

Despite the fact that the subscribing witnesses were not pesent when the will was executed the appellant contends that the will can be proved by the testimony of two other persons, Sylvia Ash and Laura Woods, who were present when the will was executed but who did not sign their names as attesting witnesses. This contention is not sound. The statute requires that the attesting witnesses sign the will. Ark. Stats. 1947, § 60-403. "It is essential to due execution of a will that it be signed or subscribed by the number of witnesses required

by the law governing the particular will being made, and subscription by fewer renders the transaction a nullity.'' Thompson on Wills (2d Ed.), § 116. See also Page on Wills (1960 Ed.), § 19.75, and *Johnson* v. *Hinton,* 130 Ark. 394, 197 S. W. 706. We therefore conclude that the will in question was not executed and attested in the manner required by the statute.

Affirmed.