**Leandre GREEN, Appellant,**

v.

**Roena Green SMITH, and J. B. Lambert, Jr., Executor of the Estate of Ceasar Green, Deceased, Appellees.**

**No. 5–3001.**

**Supreme Court of Arkansas.**

**June 3, 1963.**

James P. Baker, Jr., Helena, Rose, Meek, House, Barron, Nash & Williamson, Little Rock, for appellant.

John L. Anderson, Helena, for appellees.

HOLT, Justice.

In this probate proceeding the appellant, Leandre Green, contests the validity of his father's will. The Probate Court held the will was valid and admitted it to probate from which judgment appellant brings this appeal.

The testator, Ceasar Green, reputed to be 104 years of age, died in June, 1962. The will in question was executed by him on February 9, 1962. At the testator's request two reputable businessmen in the County came to his house where one of them wrote the will upon the testator's insistence after they had advised him to secure the services of a lawyer. As he requested, the will provided that his daughter, Roena Green Smith, appellee, would be the principal

beneficiary of his estate. The will mentioned and made a nominal bequest to his other heirs, including his son, the appellant. The testator then signed this will by his mark, his name being written near the mark by the individual who wrote the will. This scrivener failed to write his own name as a witness to the testator's name and mark; neither did the scrivener affix his signature as an attesting witness to the will. Two witnesses properly attested the will and, as such, have executed the Proof of Will. The testators' name was subscribed to the will in this form:

"His
"Ceasar X Green
Mark

"WITNESS:
"J. B. Lambert
"Leslie Smith"

The appellant contends that the testator's signature is not in compliance with Ark. Stat.Ann. § 60–403 (Supp.1961) which is as follows:

"Execution.—The execution of a will, other than holographic, *must be by the signature* of the testator *and* of at least *two witnesses* as follows:

"a. Testator. The testator shall declare to the attesting witnesses that the instrument is his will and either

"(1) Himself sign; or

"(2) Acknowledge his signature already made; or

"(3) *Sign by mark,* his name being written near it *and witnessed by a person who writes his own name as witness to the signature;* or

"(4) At his discretion and in his presence have someone else sign his name for him, (the person so signing shall write his own name and state that he signed the testator's name at the request of the testator) ; and

"(5) *In any of the above cases* the signature must be * * * done in the presence of *two or more attesting witnesses.* [Emphasis added]

"b. Witnesses. The attesting witnesses must sign at the request and in the presence of the testator. [Acts 1949, No. 140, § 19, p. 304.]"

Appellee contends that either or both of the attesting witnesses can, in addition to executing the Proof of Will, serve the purpose of being a witness to the testator's mark since they observed him make his mark. We cannot agree. Sub-section (3) plainly provides that a testator's signature by mark must be witnessed by a person who writes his own name as a witness to that signature. Sub-section (5) which follows, and is in addition to the requirement of (3), provides significantly that in case sub-section (3) is followed, such act "must be done in the presence of two or more attesting witnesses." In other words, there are four methods for a testator to sign his will and, as we construe this statute, when we consider it as a whole and sub-section (5) in particular, there must be at least two attesting witnesses in addition to the requirements of either of these four methods. We interpret the provisions of sub-sections (3) and (5) of this statute to be mandatory in requiring a minimum of three subscribing witnesses to make the will in question valid. As we said in Ash v. Morgan, 232 Ark. 602, 339 S.W.2d 309:

"It is essential to due execution of a will that it be signed or subscribed by the number of witnesses required by the law governing the particular will being made, and subscription by fewer renders the transaction a nullity."

Nor can the parol evidence of the scrivener in this case supply the deficiency of the required additional witness' signature. The statute requires the written signature of such a witness.

Appellant contends that another will by his father, dated in 1958, should be admitted to probate. It is immaterial whether this be done *inasmuch as the sole beneficiary* named in it, the testator's wife, pre-deceased him. Thus, insofar as this will is concerned, the decedent's estate descends and is to be distributed to his heirs as if he had died intestate.

It becomes unnecessary for us to consider the other point advanced by appellant, namely the testator's lack of mental capacity, since the will in question was not executed in compliance with the quoted statute.

The judgment is, therefore, reversed and the cause remanded with directions to enter a judgment not inconsistent with this opinion. Reversed.