PRIOLA v. PRIOLA.

5-3204                                    377 S. W. 2d 29

Opinion delivered March 16, 1964.
[Rehearing denied April 20, 1964.]

*Edwin E. Dunaway, Jack Holt, Sr.* and *John F. Park,* for appellant.

*Rose, Meek, House, Barron & Nash,* By *John H. Haley,* for appellee.

ED. F. McFADDIN, Associate Justice. This is a will contest. The facts are stipulated, and the only question to be decided is whether this case is ruled by *Green* v. *Smith,* 236 Ark. 829, 368 S. W. 2d 280.

On May 23, 1961 Mrs. Nancy Priola undertook to execute a will. She could not write and she signed by mark. She had two living sons (Mark and Jack Priola) and also had the descendants of some of her deceased children. By her attempted will she left $5.00 to each of the descendants of her deceased children and left the entire remaining estate to her two living sons, Mark and Jack Priola. Mrs. Nancy Priola departed this life on March 10, 1963, and in due time her purported will was offered for probate, which was supported by Mark and Jack Priola, the appellants here, and resisted by the appellees, Joseph Priola *et al.*, who are the descendants of the deceased children of Mrs. Nancy Priola. The Probate Court rejected the will for probate, holding:

"The instrument proffered for probate in this cause, having been witnessed by only two persons who signed both as witnesses to the mark and as attesting witnesses to the Will, does not meet the requirements of Arkansas Statutes Annotated § 60-403, that a minimum of three subscribing witnesses is required to make the Will in question valid."

Jack and Mark Priola have appealed; and they state their point as follows:

"I. The Probate Court erred in holding that the will of Nancy Priola, deceased, was not executed in compliance with the provisions of Ark. Stat. § 60-403, and in rejecting said will for probate. (a) *Green* v. *Smith*, 236 Ark. 829, does not construe subsections (a) (3) and (a) (5) of § 60-403, Arkansas Statutes, as in the construction placed upon them by the trial court.

(b) Whether there be two or more witnesses to the execution of a will is optional.

(c) There is no disqualification in the statute of one who signs as a witness to the testator's mark, as one of the required attesting witnesses."

As aforesaid, Mrs. Priola was unable to write her name and she signed by mark. There were two witnesses to the mark; and the same two persons who witnessed

the mark also acted as attesting witnesses to the will. There were no other persons who signed as witnesses to the mark or the will. In short, each of the two persons acted in a dual capacity; that is, a witness to the mark and an attesting witness to the will; and such acting in dual capacity is exactly what we held could *not* be done in *Green* v. *Smith, supra.* There, in discussing the requirements of Ark. Stat. Ann. § 60-403 (Supp. 1963), we said:

"Appellee contends that either or both of the attesting witnesses can, in addition to executing the Proof of Will, serve the purpose of being a witness to the testator's mark since they observed him make his mark. We cannot agree. Sub-section (3) plainly provides that a testator's signature by mark must be witnessed by a person who writes his own name as a witness to that signature. Sub-section (5) which follows, and is in addition to the requirement of (3), provides significantly that in case sub-section (3) is followed, such act 'must be done in the presence of two or more attesting witnesses.' In other words, there are four methods for a testator to sign his will and, as we construe this statute, when we consider it as a whole and sub-section (5) in particular, there must be at least two attesting witnesses in addition to the requirements of either of these four methods. We interpret the provisions of sub-sections (3) and (5) of this statute to be mandatory in requiring a minimum of three subscribing witnesses to make the will in question valid."

Appellants cite and earnestly rely on *Bocquin* v. *Theurer,* 133 Ark. 488, 202 S. W. 845, wherein we held that a witness to the mark could also be an attesting witness to the will. But that case was decided in 1918 when the governing statutes were § 8012 and § 8013 Kirby's Digest of 1904, which sections later became § 14512 and § 14513 of Pope's Digest of 1937.[1] The pres-

---

[1] Sections 14512 and 14513 of Pope's Digest read: "§ 14512. Mode. Every last will and testament of real or personal property, or both, shall be executed and attested in the following manner,

"First. It must be subscribed by the testator at the end of the will, or by some person for him, at his request.

ent governing statute is Ark. Stat. Ann. § 60-403 (Supp. 1963), which is § 19 of Act No. 140 of 1949. It will be recalled that Act No. 140 of 1949 is the Probate Code.

When we compare § 14512 and § 14513 of Pope's Digest[1] (the previous statutes on the mode of executing a will) with § 19 of Act No. 140 of 1949 as found in Ark. Stat. Ann. § 60-403 (Supp. 1963) (the present statutes on the requirements for executing a will), the correctness of our holding in *Green* v. *Smith, supra,* becomes readily apparent. The old statute said in § 14513 Pope's Digest that the person who wrote the testator's name "shall write his own name as a witness to such will"; thus recognizing that the same person could write the testator's name and also be a *witness to such will.* But the new statute (§ 19 of Act No. 140 of 1949) says in Paragraph (5) that the person who writes the testator's name must do so "in the presence of two or more attesting witnesses"; and certainly such person who writes the testator's name cannot be an attesting witness to his own signature. In short, the attesting witness to the testator's mark cannot also act in the dual capacity of an attesting witness to the will. We affirm our holding in *Green* v. *Smith, supra.*

The Probate Judgment is affirmed.

HOLT, J., not participating.

---

Second. Such subscription shall be made by the testator in the presence of each of the attesting witnesses, or shall be acknowledged by him to have been so made to each of the attesting witnesses.

"Third. The testator, at the time of making such subscription, or at the time of acknowledging the same, shall declare the instrument so subscribed to be his will and testament.

"Fourth. There shall be at least two attesting witnesses, each of whom shall sign his name as a witness, at the end of the will, at the request of the testator.

"Fifth. Where the entire body of the will and the signature thereto shall be written in the proper handwriting of the testator or testatrix, such will may be established by the unimpeachable evidence of at least three disinterested witnesses to the handwriting and signature of each testator or testatrix, notwithstanding there may be no attesting witnesses to such will; but no will without such subscribing witnesses shall be pleaded in bar of a will subscribed in due form as prescribed in this act.

"§ 14513. Signature of witness. Every person who shall sign the testator's name to any will, by his direction, shall write his own name as a witness to such will, and state that he signed the testator's name at his request."