310

Ernest PATRICK et al *v*. Betty Lou RANKIN, Executrix

73-249                                                    506 S.W. 2d 853

Opinion delivered March 25, 1974

*Jones & Segers*, for appellants.

*Kincaid, Horne & Trumbo*, for appellee.

FRANK HOLT, Justice. Calvin Curtis Patrick died at the age of 84, unmarried and without issue. About one year prior to his death, an attorney prepared a will divising all of Patrick's property to appellee, Betty Lou Rankin, who was related to Patrick by marriage and had provided care for him since her childhood. Patrick had been totally blind from childhood and was illiterate. The will was signed in the attorney's office by Patrick with the assistance of Mrs. Rankin. Two witnesses then signed the will pursuant to Ark. Stat. Ann. § 60-403 (Repl. 1971). The court held the will valid.

Appellants, decedent's brothers and sisters challenging the will, contend for reversal "that the lower court erred in ruling that an individual who was blind, illiterate and had never been able to read or write could execute a will with only two witnesses." Appellants ask us to declare that an illiterate blind man cannot be assisted in making a signature, which assertedly constitutes only his "mark," and must, therefore, have three witnesses to his will. We cannot agree.

It is true that where the testator signs by a mark, it is mandatory that three signatures be affixed, one to witness the

testator's mark and two to attest the will. See § 60-403, *supra, Green* v. *Smith,* 236 Ark. 829, 368 S.W. 2d 280 (1963), and *Priola* v. *Priola,* 237 Ark. 798, 377 S.W. 2d 29 (1967). We have long held, however, that when the testator is assisted in signing a will, the act is his own and not the act of another under authority from him. *Vines* v. *Clingfost,* 21 Ark. 309 (1860). See generally 2 Page on Wills § 19.53 (3d. Ed. 1960). In the case involving a hundred year old blind testatrix who had not been able to write for eighteen years, we approved her signature although she was assisted. *Coleman* v. *Walls,* 241 Ark. 842, 410 S.W. 2d 749 (1967). Although we have the additional factor of illiteracy in the case at bar, we hold that the controlling factor in an assisted signature is not the testator's literacy but his intent. As one court explained:

> Whether a testator can write at all makes no difference in determining the validity of a will, nor does it matter whether he is so stricken that he cannot write, or can write only with difficulty. Where testator's mental conception is entirely clear and he desires to sign the will, but his physical powers unassisted will not permit it, and such assistance is called in, the incident of assistance becomes immaterial so long as there is a conscious wish of the testator that his hand should make the signature. *Brehony* v. *Brehony,* 289 Pa. 267, 137 A.. 260 (1927).

In accord is *Fritz* v. *Turner,* 46 N.J. Eq. 515, 22 A. 125 (1890).

The testator's intent is not challenged in this appeal. His signature on the will is clearly legible. Also, it appears that he was assisted in subscribing his signature in other business affairs. Since two witnesses properly signed the will, the statutory requirements of § 60-403, *supra,* are met.

Affirmed.