Malcolm SHAMOON *v.* Marian S. TOMBRIDGE, Executrix of the ESTATE of Abraham S. SHAMOON

86-148                                                    723 S.W.2d 827

Supreme Court of Arkansas
Opinion delivered February 16, 1987

*Gill, Johnson, Gill & Gill*, by: *Kenneth Johnson*, for appellant.

*David F. Gillison, Jr.*, for appellee.

JOHN I. PURTLE, Justice. The trial court admitted the testator's will to probate. His son, an only child, a minor beneficiary under the will, appeals from that decision on the ground that his father died intestate. We agree with the appellant that the will was erroneously admitted to probate because it does not comply with the Arkansas law.

The will in this case was executed on May 31, 1985, while the decedent was in the hospital. He died on June 4, 1985. The signatures of two witnesses were affixed to the will. The decedent made an "X" on the line for his signature which then read "his X mark." Also, a proof of will was executed by the attesting witness and acknowledged by a notary public. The trial court held that the notary public's signature on the proof of will form amounted to a third signature.

The execution of this will is controlled by Ark. Stat. Ann. § 60-403 (Repl. 1971). This statute specifically requires that the testator, if he signs by mark, must have a witness who signs the document attesting to his mark or if the testator so directs someone else may sign his name for him but in such case the witness must state on the will that the testator's name was written at the request of the testator. The statute also requires that two attesting witnesses must sign at the end of the instrument.

We have interpreted this statute to be mandatory in order to validate a non-holographic will. In *Green v. Smith*, 236 Ark. 829, 368 S.W.2d 280 (1963), we considered a fact situation almost the same as in the present case. In *Green* the testator signed by an "X." Also, he had two attesting witnesses. "We held sub-section (3) and (5) of this statute to be mandatory in requiring a minimum of three subscribing witnesses to make the will in question valid." *Green* at p. 831. We reached the same result in *Priolo v. Priolo*, 237 Ark. 798, 377 S.W.2d 29 (1964). Since the will did not comply with the Arkansas law, it should not have been admitted to probate.

Reversed and remanded.

HOLT, C.J., and NEWBERN, J., concur.

DAVID NEWBERN, Justice, concurring. This case is closer than the majority opinion suggests. Absent evidence of fraud or

undue influence, neither of which is even argued here, our tendency has been to relax technical requirements so as to implement the testator's intent. *See*, Note, 4 U.A.L.R. L.J. 139 (1981).

In *Green* v. *Smith*, 236 Ark. 829, 368 S.W.2d 280 (1963), we held that we interpret the provisions of Ark. Stat. Ann. § 60-403(3) and (5) to be mandatory in requiring a minimum of three subscribing witnesses to make the will in question valid. Quoting *Ash* v. *Morgan*, 232 Ark. 602, 339 S.W.2d 309 (1950) we said:

> It is essential to due execution of a will, that it be signed or subscribed by the number of witnesses required by the law governing the particular will being made, and subscription by fewer renders the transaction a nullity.

We stated in addition that parol evidence of the scrivener in that case could not supply the deficiency of the required additional witness's signature. The will in question had only been signed by two witnesses below the mark of the testator. The case was reversed because the probate judge had admitted the will to probate. We followed *Green* v. *Smith, supra*, in *Priola* v. *Priola*, 237 Ark. 798, 377 S.W.2d 29 (1964), and *Patrick* v. *Rankin*, 256 Ark. 310, 506 S.W.2d 853 (1974). We invalidated the will in *Priola* v. *Priola, supra*, where there were only two subscribing witnesses and upheld the will in *Patrick* v. *Rankin, supra*, where the mark was witnessed and two others witnessed the will.

My only reason for agreeing with the result reached here is that the third signature, that of Jerry Mazzanti, expressly purported to acknowledge only the signature of the other witnesses and not the mark of the decedent. Had he simply placed his name on the will as a witness, I would have agreed with the trial judge.

HOLT, C.J., joins in this concurrence.