JOHNSON *v.* HINTON, ADMINISTRATOR.

Opinion delivered October 1, 1917.

WILLS—NECESSITY FOR TWO SUBSCRIBING WITNESSES.—A will can not be admitted to probate where the signature of the testator is attested by only one' witness.

Appeal from Arkansas Circuit Court; *Thomas C. Trimble,* Judge; affirmed.

*Carpenter & Bowers* and *W. N. Carpenter,* for appellants.

The will was sufficiently proven to admit it to probate. The'intention of the testator was clearly proven. 13 Ark. 475, 483. A will may be proven by testimony other than that of the attesting witnesses. *Ib.* 473, 31 *Id.* 588. The law was substantially complied with and the will should be probated.

HART, J. Richmond Franklin died in Arkansas County in this State owning property. J. W. Hinton was appointed administrator of his estate. J. H. Johnson and Eliza Edwards filed a petition in the probate court for the probate of a written instrument which they alleged to be the last will and testament of Richard Franklin, deceased. J. W. Hinton, as administrator, contested the probate of the will. The probate court refused to admit the instrument to probate as the last will and testament of Richard Franklin, deceased, and an appeal was taken to the circuit court. The circuit court sustained the judgment of the probate court in refusing the will to be probated and directed that a copy of its judgment be certified to the probate court. The case is here on appeal. The facts are as follows:

Dr. S. F. Baker was one of the attending physicians of Richmond Franklin during his last illness. Richmond

Franklin asked Dr. Baker if he would get well, and he said that the reason he wanted to know was that he had a little property and wanted to dispose of it before he died. Dr. Baker replied that he could dispose of his property by will. Franklin asked Dr. Baker to write his will for him and told him that he wished to give his property to Jas. H. Johnson and Eliza Edwards. Dr. Baker wrote out the will for him. Franklin signed it and Dr. Baker signed it as an attesting witness. He told Franklin that the law required that there should be two attesting witnesses. Franklin died without having procured another attesting witness. It was also shown in evidence that Richmond Franklin had frequently stated to different persons that he wanted J. H. Johnson and Eliza Edwards to have his property after he died. The probate of the will in common form was refused solely on the ground that there was but one attesting witness to it.

Under our statutes property may be disposed of by will, but at least two attesting witnesses are required. Kirby's Digest, § § 8010 and 8012.

There was only one attesting witness to the will and the court was right in refusing to allow it to be admitted to probate because the statute had not been complied with in regard to its attestation. *Rogers* v. *Diamond,* 13 Ark. 487; *Janes* v. *Williams,* 31 Ark. 175, and *Payne* v. *Payne,* 54 Ark. 415.

It is also contended that the court should have admitted the instrument to probate as a will because such was the intention of Richmond Franklin. The answer to this contention is clearly stated in *Albright* v. *North, Admr.,* 146 Cal. 455, 2 A. & E. Ann. Cases, 726. In that case the court said:

"The right to make a testamentary disposition of one's property is purely of statutory creation, and is available only upon a compliance with the requirements of the statute. The formalities which the Legislature has prescribed for the execution of a will are essential to its validity and can not be disregarded. The mode so prescribed is the measure for the exercise of the right, and

the heir can be deprived of his inheritance only by a compliance with this mode. For the purpose of determining whether a will has been properly executed, the intention of the testator in executing it is entitled to no consideration. For that purpose the court can consider only the intention of the legislature, as expressed in the language of the statute, and whether the will as presented shows a compliance with the statute. *Walker's Estate,* 110 Cal. 387.''

It follows that the judgment must be affirmed.