ANTHONY *v.* COLLEGE OF THE OZARKS.

4-7346                                    180 S. W. 2d 321

Opinion delivered May 1, 1944.

*Greer Nichols* and *Mark E. Woolsey,* for appellant.

*George O. Patterson* and *Edward H. Patterson,* for appellee.

HOLT, J.   May 25, 1943, John Temple Donnell died testate.  On October 6th following, appellee, The College of the Ozarks, filed petition for probate of a certain type-written instrument, alleged to be the last will and testament of John Temple Donnell.  Appellant, Sue Donnell Anthony, a niece of Mr. Donnell, filed a response contesting the probation of the instrument.  Upon a hearing, the trial court found the instrument in question to be the valid will of John Temple Donnell, and from the judgment admitting it to probate, comes this appeal.

The question for determination here is: Was the instrument in question executed and attested in the manner provided by statute, and, therefore, a valid will?

Section 14512 of Pope's Digest provides: "Every last will and testament of real or personal property, or both, shall be executed and attested in the following manner, First. It must be subscribed by the testator at the end of the will, or by some person for him, at his request. Second. Such subscription shall be made by the testator in the presence of each of the attesting witnesses, or shall be acknowledged by him to have been so made to each of the attesting witnesses. Third. The testator, at

the time of making such subscription, or at the time of acknowledging the same, shall declare the instrument so subscribed to be his, will and testament. Fourth. There shall be at least two attesting witnesses, each of whom shall sign his name as a witness, at the end of the will, at the request of the testator.''

While the instrument in question makes a specific bequest in favor of appellant, the amount she would receive would be much larger in case this instrument should be held invalid.

The alleged will, omitting parts not material here, is as follows:

(The body of this instrument, except the signatures, is all in typewriting.)

(On the Letterhead of:)

''OZARK LUMBER COMPANY

''Jno. T. Donnell, Proprietor,

''Ozark, Arkansas.

''November 27, 1931.

''This is a changing world, and I find that I change with it. At one and another time I have made and had witnessed papers that I called my will—what I would have done with what was said to belong to me at the time that I did die. Every thing in every one of those papers is here and now set aside, except the parts that express my admiration to the God of the Universe. Those statements, I see no good reason now to change, and do not in any wise seek to change them.

''God has been good to me and every little while I find some evidence that proves that He is good. He has taken good care of me through all the years that I have lived. And having been born at Lebanon, Tennessee, on August 19, 1864, I have already lived a long time.

''When I am gone I want the one who is named, by me later, or by the State or my kin folks, to first pay every just claim that I may leave unpaid: Then pay as follows—  .  .  .  (Here follows a number of bequests)

"After the above devises have been made any thing that I may die possessed of, notes, accounts, houses and lands is to go to the College of the Ozarks at Clarksville, Arkansas, for the furtherance of the work of educating young men and young women, and fitting them to fill such places as God may assign them to in the world.

"I have nothing but the best of feeling toward all mankind, and the above is made with charity and love toward all men.

"And of the above named ones who may die before me, his or her part is to go into the amount that the College of the Ozarks is to get.

"Signed this day, November 27, 1931.

"(Signed with pen) Jno. T. Donnell

"Witnesses: (Signed with pen)

"D. B. Anderson

"L. M. Guthrie."

The cause was submitted on the following agreed facts: "First: That John Temple Donnell died on the 25th day of May, 1943, while a resident of the Ozark District of Franklin county, Arkansas. Second: That after the death of the said John Temple Donnell there was found among his papers the instrument now offered by the petitioner, The College of the Ozarks, for probate as the last will and testament of him, the said John Temple Donnell. Third: That the signature, 'Jno. T. Donnell,' appearing upon said instrument is in the handwriting of the said John Temple Donnell; and that Jno. T. Donnell and John Temple Donnell are one and the same person. Fourth: That on the 27th day of November, 1931, the said John Temple Donnell was above the age of twenty-one years. Fifth: That the name 'D. B. Anderson,' appearing upon said instrument is in the handwriting and is the signature of said D. B. Anderson, who was on the 27th day of November, 1931, a resident of Ozark, Arkansas, and was above the age of twenty-one years, but is now deceased. Sixth: That the affidavit of L. M. Guthrie, who was on said 27th day of November, 1931, a resident

of Ozark, Arkansas, and was at said time above the age of twenty-one years, and whose signature also appears on said instrument herein offered for probate, may be read in evidence by either party as a deposition herein, said affidavit being hereto attached. Seventh: That the respondent, Sue Donnell Anthony, is a niece and heir at law of said John Temple Donnell, and if said instrument is not admitted to probate as the last will and testament of said John Temple Donnell, will be entitled to and will receive one-half of his estate, which interest will far exceed in value the sum of one hundred ($100) dollars. Eighth: That these stipulations, together with said affidavit and the instrument herein offered for probate, shall be and constitute the entire evidence herein.''

The affidavit of Guthrie is as follows: ''Comes now the affiant, L. M. Guthrie, who first being duly sworn, upon oath states: My name is L. M. Guthrie, I am 80 years of age and am a resident of Ozark, Arkansas, where I have resided for the past 29 years. I was personally well acquainted with John T. Donnell, who departed this life on the 25th day of May, 1943. There has been exhibited to me a certain instrument in writing dated the 27th day of November, 1931, and purporting to have been signed by Jno. T. Donnell and witnessed by D. B. Anderson and myself. I recall the time when I signed this instrument and the circumstances of my signing same. The said Jno. T. Donnell, who is one and the same person as John Temple Donnell, came to my office by himself and asked me to sign the paper as a witness. I did not read the instrument thus presented to me, but signed same and then asked him if this was his will and he said that it was. He did not sign the instrument in my presence. Nothing was said at the time whether he had signed it, and nothing was said about his signature. The said D. B. Anderson was not present when I signed the instrument, and I was not present when he signed it, if he did sign it, and did not see him sign it. The said D. B. Anderson is now dead.

''I have no interest in the probate of the last will and testament of the said John T. Donnell, and make

this statement for the purpose of explaining my signature to the instrument now shown to me, and to explain the facts and circumstances surrounding my signing same. I have never signed any other paper for said Jno. T. Donnell as a witness to his last will and testament. (Signed) L. M. Guthrie, Affiant.''

In determining whether the instrument here in question was the valid will of Mr. Donnell, certain undisputed facts should be borne in mind: The instrument was written on a typewriter, on one sheet of paper, containing the letterhead of Mr. Donnell. Mr. Donnell's signature on the instrument, and that of the two subscribing witnesses, D. B. Anderson and L. M. Guthrie, are genuine. Mr. Donnell was of legal age, mentally competent, and there is no claim or suggestion even, of fraud in connection with the preparation and execution of the instrument, and there is no contention that it does not fully and clearly express Mr. Donnell's intention. Witness Anderson died prior to the trial below.

It will be observed that the statute, *supra*, requires that a will (1) must be signed by the testator at the end or by some one at his request. It is conceded that the testator complied with this provision. The statute further requires (2) that such subscription either be made in the presence of the attesting witnesses or acknowledged to them by the testator to have been so made, and (3) at the time of signing or acknowledging, the testator shall declare the instrument to be his last will and testament.

It is our view, and we hold, that under the facts presented here, the effect of the testator's actions amounted not only to a substantial compliance with the statute, but a literal compliance therewith. When he presented the instrument to the witness, Guthrie, it was for the purpose of securing Guthrie's signature as a witness, not to the will, but as a witness to his, Donnell's, signature on the will. When Guthrie signed the will as a witness, Mr. Donnell told him that the instrument was his will. It could not have been his will without his signature being on it at the time, and while Mr. Donnell said nothing about his signature, the presumption is, in the

absence of proof to the contrary, that his signature was on the will when he presented it to Guthrie. Guthrie does not say that Donnell's signature was not on the instrument at the time he, Guthrie, signed as a witness. Guthrie testified that Mr. Donnell came to his office "and asked me to sign the paper as a witness," and while he states that he did not read it, he does state that he signed it. As above indicated, the statute required him to sign as a witness to the testator's (Donnell's) signature. He was not witnessing the will. It was not read to him, and indeed it was not necessary that it be read to him, or that he know its contents. As indicated, the presumption is, in these circumstances, in the absence of contrary proof, that the testator's signature was on the will at the time Guthrie signed. Donnell's statement to the witness, Guthrie, that the instrument was his will, on the facts here, was an acknowledgment to his, Donnell's subscription to the will and a compliance with the statutory requirements (2) and (3), *supra*.

"No formal or precise method of acknowledging the signature, the will, or the instrument, is necessary, . . . Exhibiting the instrument with testator's signature thereon, and referring to it as testator's will, amounts to an acknowledgment of the signature. . . The testator may acknowledge his signature by his acts and gestures, without making any express acknowledgment of the signature in words. If, without referring to such instrument as his will, the testator produces it with his signature visible, and requests witness to sign it, this is a sufficient acknowledgment." Page on Wills, Lifetime Edition, page 627, § 348.

In one of our earliest cases, *Rogers, et al.* v. *Diamond,* 13 Ark. 474, this court said: "It is believed that if the statute were to receive a strict, instead of liberal construction, but few wills could be sustained. Many persons, from various and sometimes peculiar motives, are averse to have the contents of their will known even to witnesses of their own selection, and would seek to evade the whole policy of the statute of wills, by gifts *mortis causa,* and secret conveyances to operate as wills

in disguise. The policy of the statute is to guard against frauds in the execution of wills, so often made under circumstances when the testator is liable to be imposed upon, or unduly influenced. . . The statute says he shall declare it; but in *Remson v. Brinkerhoff,* 26 Wend. (N. Y.) 325, 37 Am. Dec. 251, NELSON, C. J., said that no particular form of words is necessary, and that it would be unwise, if not unsafe, to speculate upon the precise mode of communication, as every case must depend upon its own peculiar circumstances. The fact of publication, therefore, is to be inferred or not, from all the circumstances attending the execution of the will."

The applicable rule, as stated in 68 C. J., 982, § 749, is as follows: "No presumption of the due execution of a will arises from the mere production of an instrument purporting to be a last will and testament. . . Where, however, in proceedings for the probate of an instrument as a will it appears to have been duly executed as such, and the attestation is established by proof of the handwriting of the witnesses or otherwise, although their testimony is not available, or they do not remember the transaction, it will be presumed, in the absence of evidence to the contrary, that the will was executed in compliance with all the requirements of law, including those relating to publication, attestation in the presence of the testator, and the affixing of the testator's signature prior to those of the witnesses."

While the instrument here contains no formal attestation clause, and it is conceded that the attesting witnesses did not sign in the presence of each other, appellant concedes that these formalities are unnecessary to the validity of a will.

In *Evans v. Evans,* 193 Ark. 585, 101 S. W. 2d 435, this court quoted with approval from 68 C. J., 1021, § 804: "While under the wording of, and construction placed on, the statutes in a majority of jurisdictions, it is necessary to produce and examine the full number of witnesses required by law to attest a will if they are alive, sane, and within the jurisdiction of the court, at least where the will is contested, and a like rule obtains in a

220

suit in equity to establish a will, it is not essential that due execution of the will be proved or established by the testimony of all or any of the subscribing witnesses so produced and examined. Execution may be sufficiently proved where one witness testifies positively to the requisites of execution, and another does not recollect, or denies some of the requisites."

The judgment is affirmed.