MILLER *v.* MITCHELL.

5-580                                    275 S. W. 2d 3

Opinion delivered February 7, 1955.

*W. E. Billingsley* and *Chas. F. Cole,* for appellant.

*W. G. Wiley* and *Herrn Northcutt,* for appellee.

J. SEABORN HOLT, J. Appellee contested the probating of the will of his father, John T. Mitchell, and from a judgment denying its admission to probate, appellant, John F. Miller, brings this appeal.

John T. Mitchell died about January 24, 1954. He executed the will here involved May 1, 1946. Appellee alleged in his protest to the admission of the will to probate that the will was invalid in "that there is a non-compliance with § 60-105 of the Official Statutes of Ar-

kansas, 1947, in that the signature of John T. Mitchell is by mark and the person who signed the testator's name has not written his name as a witness to such will and stated that he signed the testator's name at his request,'' that the testator lacked testamentary capacity to make a will and executed it under duress and undue influence.

Appellant's answer was a general denial. Upon a trial, the court refused to permit introduction of testimony by either party, but tried the case solely on the will, ''proof of will,'' the protest of appellee and appellant's response.

The attesting clause of the will was as follows: ''In testimony whereof I do hereunto set my hand and seal and publish and declare this to be my last and testamentary will, this 1st day of May 1946.

His
''Signed  X  John T. Mitchell
Mark

''WITNESS:  J. H. Smith
Mrs. W. F. Ballard
Brada M. Bone

''We, as witnesses have this day witnessed the signature of John T. Mitchell and know that he voluntarily signed this without coercion. This instrument subscribed and sworn to before me this 1st day of April, 1946. (Signed) G. E. Bone, Notary Public—My com. expires Mar. 26, 1947,'' and ''Proof of Will—We, Mrs. W. F. Ballard, and Brada M. Bone, on oath state: We are the subscribing witnesses to the attached written instrument, dated first day of May, 1946, which purports to be the last will of John T. Mitchell, deceased. On the execution date of the instrument the testator, in our presence, signed the instrument at the end thereof, or acknowledged his signature thereto, declared the instrument to be his will, and requested that we attest his execution thereof; whereupon, in the presence of the testator or each of us signed our respective names as attesting witnesses. At the time of execution of the instrument

the testator appeared to be eighteen years of age or older, of sound mind, and acting without undue influence, fraud or restraint.   DATED this 26 day of March, 1954.

/s/  Brada M. Bone
/s/  Mrs. W. R. Ballard

"STATE OF ARKANSAS
"COUNTY OF IZARD

"Subscribed and sworn to before me this 26th day of March, 1954.

/s/  John E. Miller
(SEAL)                    Clerk of Izard County, Ark."

The judgment contained these recitals: "The cause proceeded on purported will of the said deceased, proof of same, protest of F. C. Mitchell and the response thereto.   .  .  .   That the said will was not duly attested and subscribed to and that the testator signed by his mark and that the person who signed the testator's name had not written his name as a witness and stated that he had signed the testator's name at the request of the testator.   Wherefore, it is the decree of this court that the will is invalid and should not be admitted to probate as the last will and testament of John T. Mitchell, deceased; and that the protestant, F. C. Mitchell, have his costs expended."

We hold that the will was valid, properly executed, and that the court erred in denying it to probate.

It is conceded that the testator here signed the will by mark, making his mark by his own hand.   The testator's name, "John T. Mitchell," was added just to the right of his mark by someone other than the testator, not disclosed by the record.   There were three witnesses to the will.   Two of these witnesses, as above indicated, executed the "proof of will," stating that they had signed the will offered to probate as attesting witnesses, at the testator's request, that the testator had signed the will at the end thereof, in their presence, and declared it to be his last will.

The formalities employed in the will's execution were a substantial, if not a full compliance, with the requirements of §§ 60-104 and 60-105, Ark. Stats. 1947, and sufficient. *Anthony* v. *College of the Ozarks*, 207 Ark. 212, 180 S. W. 2d 321.

Our rule is well established that when, as here, the testator signed his will by mark, making the mark himself, properly witnessed, the will is valid. It was not necessary,—in order to make the will valid—, that there appear on the will, the attesting signature of the person who wrote the name, "John T. Mitchell," of the testator, for the reason that here the testator signed by mark.

In the early case of *IN the Matter of the Will of Cornelius,* 14 Ark. 675, wherein the sections of the law there considered, were the same as the sections now appearing as §§ 60-104 and 60-105, above, and the same question was presented, this court said: "The enquiry, then, is whether this is a case within the meaning of the statute, where another person has signed the testator's name to the will by his direction; or whether the testator, by making his mark, did subscribe the will, so as to dispense with the attesting signature of the person by whom the testator's name was written. . . . It has been uniformly held that a signature of the devisor by making his mark, is good." Reaffirmed in *Guthrie, et al.* v. *Price, et al.,* 23 Ark. 396.

In 31 A. L. R., page 682, the annotator says: "The rule is well settled by practically an unbroken line of authorities that a statute requiring a will to be signed or subscribed by the testator is satisfied if the signature is made by the testator's mark," and among the many cases cited in support of the rule are our own cases, *In the Matter of the Will of Cornelius* and *Guthrie, et al.* v. *Price, et al.,* above. See, also, 68 C. J., page 655, par. 285 and 80 C. J. S., page 1289, § 4.

While it appears that the will was dated May 1, 1946, and attested April 1st,—a month earlier—, this would not necessarily invalidate either the will or the attestation. It is undisputed that the will was signed by the

testator and attested by the witnesses on the same date, and therefore, these obviously erroneous dates became immaterial.

Accordingly, the judgment is reversed and the cause remanded for trial on the other issues raised by the pleadings.