HOLLINGSWORTH *v.* HOLLINGSWORTH, ADMINISTRATRIX

5-3840                                    401 S. W. 2d 555

Opinion delivered April 4, 1966

[Rehearing denied May 9, 1966.]

*Clint Huey,* for appellant.

*Carlton Currie,* for appellee.

PAUL WARD, Justice. This appeal is from an order admitting to probate the will of Samuel Hollingsworth who died December 23, 1963.

The will, which was executed September 14, 1963, was filed for probate January 6, 1964. The deceased's widow was appointed administratrix two days later. On January 27, 1964 the heirs of the deceased by his former

wife filed a petition to contest the will, alleging it was invalid for the following reasons:

(a) The testator was acting under the influence of the principal beneficiary—the widow, who caused the will to be prepared and executed.

(b) The testator did not possess the necessary mental capacity to execute a will.

(c) The will was not executed in accord with statutory requirements.

(d) The acts of appellee in causing the will to be executed amounted to fraud.

A formal response was filed, denying above allegations.

After a rather lengthy hearing the court held the will was valid and admitted it to probate—hence this appeal.

*One.* It is first urged that the will was not properly executed as required by law. Appellants cite Ark. Stat. Ann. § 60-403 (Supp. 1965) which provides, among other things, that the testator "shall delcare to the attesting witnesses that the instrument is his will" . . . and . . . that "The attesting witnesses must sign at the request and in the presence of the testator. It is contended this part of the statute was not complied with in this case. We are unable to agree with this contention. It is conceded that the deceased signed the will in the presence of two witnesses (Mrs. Creed and Mrs. Dickey) and that they signed in his presence. It is true that the witnesses to the will could not say positively that the testator actually said it was his will or that he literally requested them to sign it as witnesses. However the circumstances and facts revealed by the record leave not doubt that they understood the paper signed was the will of Mr. Hollingsworth and that he expected and desired them to sign as witnesses. Mrs. Creed and

Mrs. Dickey both admitted the will was signed by the testator in their presence and also admitted that they signed as witnesses in the presence of the testator.

The above testimony supports the trial court's finding that the will was properly executed when viewed in the light of former decisions of this Court. In *Tatum* v. *Chandler*, 229 Ark. 864, 319 S. W. 2d 513, we said:

> "Appellant's contention that the Will was not legally executed is based on the testimony of the two attesting witnesses. They both admitted they saw W. M. Tatum sign his name at the bottom of the paper or Will, and also admitted they signed their names at the bottom of the attesting clause in the testator's presence and in the presence of each other. Both *witnesses, however, said* the Will was not read in their presence and *that the testator did not state the paper was his Will or request them to sign as witnesses.* In support of their contention appellants cite *Orr* v. *Love,* 225 Ark. 505, 283 S. W. 2d 667." (Emphasis added.)

To the same effect is our holding in *Hanel* v. *Springle, Adm'r,* 237 Ark. 356, 372 S. W. 2d 822, where the following statement appears:

> "It is admitted that the two Howell sisters signed the instrument in the presence of the deceased but it is contended that they did not sign 'at the request of the testator.' It is true that when each of the sisters was asked if the deceased specifically requested her to sign the instrument, the answer was that he did not. Although it appears from the above that, technically, there was a non-compliance with the provisions of the statute, we are convinced there was a substantial compliance under the facts and circumstances of this case."

*Two.* The trial court found that Sam Hollingsworth was not under undue influence when he executed

the will. Appellants here contend that such finding is contrary to the weight of the evidence. Again, we are unable to agree with appellants although they argue with force and although the issue entails some element of doubt.

With commendable candor and fairness the trial court summarized the evidence tending to support appellants, stating:

> "The decedent was aged, sick, weak, disabled and suffering from senility; he was in the exclusive care and custody of the widow; that she was a strong personality; that the decedent was unable to resist the influence of his wife; that she completely dominated his every action—her will was his will; that influence was so extreme as to cause him to become alienated from his flesh and blood—his children; that she was the active factor in the securing of the drafting of Will No. 2, and supervised its execution; the will was an unnatural will; she was the sole beneficiary except for a dollar bequest to each of the children; the will was for her exclusive benefit."

Also, the court stressed the fact that the deceased had made a prior will which left property to his children, and that appellee, as his wife, was in a position to exercise great influence upon him. However, the trial court, after taking all these things into consideration, made the following findings: "Any direct evidence of any form of undue influence being exercised by the widow directed to the deceased to secure the new testamentary disposition is lacking . . . . The proof of the grounds of undue influence. . . is laid on presumption and circumstantial evidence." We agree that this finding of facts is supported by the record.

In view of what has been pointed out above, we are unwilling to say the trial court's finding relative to undue influence is against the weight of the evidence,

especially in view of some of our former decisions. In the early case of *McCulloch* v. *Campbell,* 49 Ark. 367, 5 S. W. 590, this Court said:

"The influence which the law condemns is not the legitimate influence which springs from natural affection, but the malign influence which results from fear, coercion or any other cause that deprives the testator of his free agency in the disposition of his property. And the influence must be specially directed toward the object of procuring a will in favor of particular parties."

The above rule has been approved in *Alford* v. *Johnson,* 103 Ark. 236, 146 S. W. 516, and in *Puryear* v. *Puryear,* 192 Ark. 692, 94 S. W. 2d 695.

. *Three.* Finally, appellants contend the will should have been held invalid because it was induced by a mistake of fact on the part of the testator.

As previously mentioned, Mr. Hollingsworth had made a will some years ago. In that will he left certain real estate (by a definite description) to one of his children. It appears that just shortly before his last will was executed he decided to deed the property to this child. It further appears that he thought he could not legally deed away the property because it had already been devised in the first will. It further appears he may have been advised to that effect by an attorney. It was for this reason, say appellants, that Mr. Hollingsworth executed the last will.

For at least two reasons we are unable to agree with the above contention. Conceding, for the purpose of this opinion, the testator did believe he had to make a new will (or destroy the old will) before he could deed the land, that fact does not prove, or even suggest, that he wanted to retain the other provision of the first will. Also, this Court has held that a mistake of law alone does not invalidate a will. In the early case of *Taylor*

v. *McClintock,* 87 Ark. 243, 112 S. W. 405, this Court in speaking of the effect of a mistake of law on the testator, approved the following statement:

"In the exercise of reason, he may move upon false or insufficient evidence, or by mistake of law, and thus exclude from his bounty those whom, but for his error, he would have recognized. Stupid error, either in his reasoning or conclusion, is not lack of testamentary capacity."

The trial court ordered the costs of the proceeding below to be paid out of the estate, but appellee asks that the costs of this appeal be paid by appellants. We agree with this request, and it is so ordered.

Affirmed.

McFADDIN, J., not participating.

HARRIS, C. J., & JOHNSON, J. dissent.