THE CHILDREN'S MERCY HOSPITAL
OF KANSAS CITY, MO., a/k/a THE
MERCY HOSPITAL OF KANSAS CITY,
MISSOURI, JACKSON COUNTY *v.*
Randolph J. CHICK, Candice R.
CHICK & Penelope K. CHICK

77-92                          559 S.W. 2d 3

Opinion delivered December 5, 1977
(Division II)
[Rehearing denied January 9, 1978.]

*A. D. McAllister, Jr.*, of *Wade, McAllister, Wade & Burke*, for appellant.

*Niblock & Odom*, for appellees.

DARRELL HICKMAN, Justice. The Washington County Probate Court refused to admit to probate the will of Grace Chick Atwater. The appellant hospital, one of the beneficiaries in the will, appeals the decision of the próbate judge alleging that the court erroneously denied admitting the will to probate. First, the appellant claims the statutory requirements for execution of a will were proved; and, second, the statutory requirements for proving a will were met by the testimony of two witnesses.

We find that the probate judge properly refused to admit the will to probate because two witnesses did not testify that the will was in the handwriting of the deceased. Therefore, it is unnecessary for us to discuss the first allegation of error.

The document offered as a will purportedly contained the testatrix's signature. Two witnesses signed the document attesting to the signature. At a hearing, contesting the probate of the will, the appellant called two witnesses to establish that the will was duly executed.

The first witness, an attesting witness, testified that he signed the will as a witness. He said that the testatrix's signature was on the will but he could not swear the testatrix's signature was on the will at the time he signed it.

The other attesting witness was deceased so his widow was called to testify. She testified that her husband's signature was on the document as an attesting witness. However, she could not or did not testify that the will was, in fact, signed by the testatrix.

The Probate Code sets forth the requirements for proving a will in such a situation:

If only one[1] or neither of the attesting witnesses is living at a known address within the continental United States and capable of testifying or if after the exercise of reasonable diligence the proponent of the will is unable to procure the testimony of two [2] attesting witnesses, in either event the will may be established by the testimony of at least two [2] credible disinterested witnesses proving the handwriting of the testator and such other facts and circumstances, including the handwriting of the attesting witnesses whose testimony is not available, or would be sufficient to prove a controverted issue in equity, together with the testimony of any attesting witness whose testimony is procurable with the exercise of due diligence. Ark. Stat. Ann. § 62-2117(2) (Repl. 1971).

The appellant argues that this statute does not mean that two witnesses are required to prove the signature of the testatrix. We disagree. In the facts of this case only one witness testified that the will contained the signature of the testator. The other witness, the widow of the other attesting witness, only identified her husband's signature as an attesting witness. She could not or did not offer testimony regarding the handwriting or signature of the testator. Therefore, the requirements of the Arkansas law in establishing a will were not met and the order of the probate judge was correct.

The other issue questions whether the will was properly executed. We need not discuss it in view of the fact that the court had proper grounds for not admitting this document to probate.

Affirmed.

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and FOGLEMAN, JJ.