## IN THE MATTER OF THE ESTATE OF Glenn W. SHARP, deceased

91-2                                                   810 S.W.2d 952

Supreme Court of Arkansas
Opinion delivered July 8, 1991

*Malcolm R. Smith, P.A.*, by: *Malcolm R. Smith*, for appellant.

*Wright, Lindsey & Jennings*, by: *Alston Jennings*, for appellee.

ROBERT H. DUDLEY, Justice. This is a proof-of-will case in which only one disinterested witness testified that the testator signed the will. The probate court admitted the will to probate. We reverse and remand.

The instrument offered as a will purportedly contained the testator's signature, and, although it did not contain an attestation clause, two (2) people signed it as witnesses. At trial, three (3) witness testified about the testator's signature. The first witness testified that he signed as an attesting witness and that he recognized the signature on the will as the testator's. The second witness, also an attesting witness, did not recognize the testator's

purported signature, and testified that she had no recollection of the will or of the events surrounding it. The third witness, who was not an attesting witness and who stood to gain all of the decedent's property if the will was admitted, testified that the signature on the will was the testator's.

Ark Code Ann. § 28-40-117(a) (1987) provides:

Proof of will.

(a) An attested will *shall* be proved as follows:

(1)   *By the testimony of at least two (2) attesting witnesses,* if living at known addresses within the continental United States and capable of testifying; or

(2)   If only 1 or neither of the attesting witnesses is living at a known address within the continental United States and capable of testifying, or if, after the exercise of reasonable diligence, the proponent of the will is unable to procure the testimony of two (2) attesting witnesses, in either event the will may be established by the testimony of at least two (2) credible disinterested witnesses. The witnesses shall prove the handwriting of the testator and such other facts and circumstances, including the handwriting of the attesting witnesses whose testimony is not available, as would be sufficient to prove a controverted issue in equity, together with the  testimony of any attesting witness whose testimony is procurable with the exercise of due diligence. [Emphasis added.]

■ This statute means that at least two (2) attesting witnesses, if competent and available, are required to prove the signature of the testator. *Children's Mercy Hosp.* v. *Chick,* 262 Ark. 520, 559 S.W.2d 3 (1978).

■ The probate judge was aware that the will was not proved by the two (2) attesting witnesses as required by the statute but found that there was a presumption of proper execution under our case of *Anthony* v. *College of the Ozarks,* 207 Ark. 212, 180 S.W.2d 321 (1944). While we appreciate the difficulty the probate judge had in understanding that case, we think she misinterpreted it. It was decided before the present Probate Code was adopted. At that time, the statute setting out

the mode or method of execution of a will, while not identical, was similar to today's statute. Compare section 14512 of Pope's Digest with Ark. Code Ann. § 28-25-103 (1987). However, the statutes providing for proof of a will were different. Compare sections 14535, 14536, and 14537 of Pope's Digest with Ark. Code Ann. § 28-40-117(a) (1987). With those differences in mind, the case can now only stand for the proposition that once the signing of a will is proven by the two (2) attesting witnesses, and there is no suggestion of fraud or undue influence, there is a presumption that the testator declared to the attesting witnesses that the instrument was his will; and that he either signed in front of them or acknowledged to them his signature on the instrument; and that the attesting witnesses signed at the request of and in the presence of the testator. See Ark. Code Ann. § 28-25-103 (1987).

Reversed and remanded.