Larry BURNS, Executor of the Nettie Frost
Estate *v.* Bill ADAMSON, et al.

92-1341                                      854 S.W.2d 723

Supreme Court of Arkansas
Opinion delivered May 24, 1993

*Butler, Hicky & Long*, by: *Fletcher Long, Jr.*, for appellant.

*Rees Law Firm*, by: *George R. Wadley, Jr.*, for appellee.

STEELE HAYS, Justice. The question in this will contest is whether one of the two attesting witnesses' signatures on a will satisfies the statutory requirements of attestation.

On February 3, 1992, Nettie Frost signed a will in her hospital room in Memphis, Tennessee. She died the following day. Appellant, Larry Burns, nephew of Ms. Frost, filed a petition for probate of the will as sole beneficiary. Other nephews and a niece contested the will.

A hearing established that around noon February 3, Ms. Frost asked a friend, Jewell Burns, to sign her will, which Ms. Burns did. Ms. Burns signed in the presence of Ms. Frost but at that time Ms. Frost had not yet signed the will, and did not sign it until several hours later, out of the presence of Ms. Burns. Ms. Burns testified unequivocally that Ms. Frost's signature was not on the will at the time she signed as a witness, and that she did not see Ms. Frost again before she died.

At approximately 5:00 p.m. the same day, Ms. Frost was visited by Faye Burns, Larry's wife, and Ethel Pettus, a long time friend of Ms. Frost. Ms. Frost then signed the will in the presence of both of them and Ms. Pettus signed the will as a witness in the presence of Ms. Frost. Faye Burns did not sign the will as a witness. There is no dispute that Jewell Burns was not there at the time Ms. Frost signed her name to the will, and Ms. Pettus testified that when she signed the will, Jewell Burns's signature was on it.

The trial court entered an order finding the will was not validly executed in the presence of two persons and that the estate of Nettie Frost should be administered according to the laws of descent and distribution. Larry Burns brings this appeal challenging the trial court's holding. We agree with the ruling of the probate judge.

The statute setting out the requirements for proper execution of a will provides:

Ark. Code Ann. § 28-25-103 (1987). Execution generally.

(a) The execution of a will, other than holographic, must be by the signature of the testator and of at least two (2) witnesses.

(b) The testator shall declare to the attesting witnesses that the instrument is his will and either:

(1) Himself sign; or

(2) Acknowledge his signature already made; or

(3) Sign by mark, his name being written near it and witnessed by a person who writes his own name as witness to the signature; or

(4) At his discretion and in his presence have someone else sign his name for him. The person so signing shall write his own name and state that he signed the testator's name at the request of the testator; and

(5) In any of the above cases, the signature must be at the end of the instrument and the act must be done in the presence of two (2) or more attesting witnesses.

(c) The attesting witnesses must sign at the request and in the presence of the testator.

The provision governing this case is Section (5), which provides that the act of the testator signing *must be done in the presence of two or more attesting witnesses.*

Clearly the statute was not complied with in this case and appellant acknowledges that. He argues that because we have accepted substantial compliance with this procedure in the past, we should do so now.

While we have found substantial compliance in some situations, we have never extended it to allow a witness to attest a will before the testator signs it and who in fact never sees the testator sign. Where substantial compliance has been found, it was on circumstances much less substantive and material than these. We have found substantial compliance with the requirement that a signature be placed at the "end" of the will, *Clark* v. *National Bank of Commerce*, 304 Ark. 352, 802 S.W.2d 452 (1991); *Weems, Administrator* v. *Smith*, 218 Ark. 554, 237 S.W.2d 880 (1951). And we have applied it to the requirement that the testator declare to the witnesses that this is his will, *Faith* v. *Singleton*, 286 Ark. 403, 692 S.W.2d 239 (1985); *Green* v. *Holland*, 9 Ark. App. 233, 657 S.W.2d 572 (1983); and to the requirement that the witnesses must sign at the request of the testator, *Hanel* v. *Springdale, Adm'r*, 237 Ark. 356, 372 S.W.2d 822 (1963).

Appellant cites *Anthony* v. *College of the Ozarks*, 207 Ark.

212, 180 S.W.2d 321 (1944), as controlling in this case. In *Anthony*, one of the two witnesses' signatures was in question, that of L.M. Guthrie. The testator had brought the will to Guthrie's office and asked him to sign it as a witness. The two were well acquainted. Guthrie testified as follows:

> I did not read the instrument thus presented to me, but signed same and then asked him if this was his will and he said that it was. He did not sign the instrument in my presence. Nothing was said at the time whether he had signed it, and nothing was said about his signature. The [other witness] was not present when I signed the instrument, and I was not present when he signed it, if he did sign it, and did not see him sign it.

The court noted that Guthrie did not say the testator's signature was *not* on the instrument at the time he signed it and it would presume the testator's name was on the instrument at the time he gave it to Guthrie to sign.

> When [the testator] presented the instrument to the witness, Guthrie, it was for the purpose of securing Guthrie's signature as a witness, not to the will, but as a witness to [the testator's] signature on the will. When Guthrie signed the will as a witness the testator told him the instrument was a will. It could not have been a will without his signature being on it at that time, and while the testator said nothing about his signature, *the presumption is, in the absence of proof to the contrary, that his signature was on the will when he presented it to Guthrie.* [Our emphasis.]

*Id.* at 216.

This case is distinguishable from *Anthony*, where we could indulge in the presumption that the testator's signature was on the will, there being no evidence to the contrary. Here there is clear evidence to the contrary and no presumption is permissible. We believe this result is consistent with other authorities on this issue.

It is stated in 2 W. Bowe & D. Parker, *Page on The Law of Wills*, § 19.138 (1960), that under the great weight of authority if the subscribing witnesses sign their names to the will before the

testator signs, the will is not executed in compliance with the statutes. And in *In Re Brasher's Estate*, 54 Az. 430, 96 P.2d 747 (1940) it was pointed out there were two lines of authority on the strictness of this rule — one being the English rule holding unanimously the attestation of a will is not valid unless the testator signs before the attesting witnesses and this is followed by a number of American jurisdictions. The other line of cases holds when the execution and a testation of a will occur at the same time and place and form part of the same transaction, it is immaterial that the witnesses subscribe before the testator. The opinion reads:

> *But, we know of no case* which holds the will is valid where one of the necessary witnesses attested the will before the testator signed it and the attestation of the witness and signature of the testator were at different times and places, so that the witness did not see the testator sign or hear him acknowledge his signature after signing. There are a number of cases on the other hand, which expressly hold that under such circumstances the will cannot stand. (Citations omitted). [Our emphasis.]

To the same effect, see the selected cases in Annotation, *Validity of Will as Affected by Fact that Witnesses Signed Before Testator,* 91 A.L.R.2d 737 (1963).

In sum, where the witness did not see the testatrix sign the will or acknowledge it, there was a failure to follow the requirements of § 28-25-103 and the probate judge was correct in so ruling.

Affirmed.