Mary NORTON *v.* Nancy Sevier Pickard HINSON,
Nancy Disheroon Kelley, Frederick A. Elmore, III, Katherine
Kuhn, Christopher Kuhn, and First Commercial Trust

99-76                                               989 S.W.2d 535

Supreme Court of Arkansas
Opinion delivered May 13, 1999

*Howell, Trice & Hope, P.A.*, by: *Ronald A. Hope* and *The Cortinez Law Firm, P.L.L.C*, by: *Christopher D. Anderson*, for appellant.

*Hatfield & Lassiter*, by: *Richard F. Hatfield*, for appellees.

ANNABELLE CLINTON IMBER, Justice. This is a probate case. The question presented is whether a will is valid if one of the attesting witnesses was less than eighteen years old when she signed it. The trial court ruled that the will was invalid. Mary Norton, the residual trustee under the will deemed invalid, appeals that ruling. We affirm.

Goldia Sevier Horne died testate at the age of ninety-nine. Soon thereafter, the probate court entered an order probating a typed will Ms. Horne executed on June 24, 1989. About a month later, Mary J. Norton, the decedent's caregiver of several years, filed a petition claiming that the decedent had executed a typed will on August 1, 1996 that revoked the June 24, 1989 will. In contrast to the first will, the August 1, 1996 will devised $25,000 to Mary J. Norton and named her as the residual devisee. The two attesting witnesses to the August 1, 1996 will were Angela Norton, Mary Norton's adult daughter, and Mary Anderson, Mary Norton's fourteen-year-old granddaughter. In her petition, Mary Norton asked the probate court to set aside its order admitting the June 24, 1989 will and to admit the August 1, 1996 will in its place.

The appellees, who are some of the devisees under the June 24, 1989 will, filed a motion for summary judgment, alleging that the August 1, 1996 will was invalid under Ark. Code Ann. §§ 28-25-102 and 103 (1987) because Mary Anderson was less than eighteen years old on the day that she signed it. The trial court granted the motion, and Mary Norton appeals.

## I. Standard of Review

The sole issue on appeal is whether the trial court erred when it ruled in its order of summary judgment that the August 1, 1996 will was invalid because one of the attesting witnesses was less than eighteen years old. In *Hall v. Tucker*, 335 Ark. 112, 983 S.W.2d 432 (1999), we recently summarized our standard of review of a summary-judgment order as follows:

In these cases, we need only decide if the granting of summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion left a material question of fact unanswered. The burden of sustaining a motion for summary judgment is always the responsibility of the moving party. All proof submitted must be viewed in a light most favorable to the party resisting the motion, and any doubts and inferences must be resolved against the moving party. Our rule states, and we have acknowledged, that summary judgment is proper when a claiming party fails to show that there is a genuine issue as to a material fact and when the moving party is entitled to summary judgment as a matter of law.

See also *Milam v. Bank of Cabot*, 327 Ark. 256, 937 S.W.2d 653 (1997); *Renfro v. Adkins*, 323 Ark. 288, 914 S.W.2d 306 (1996).

Citing Ark. R. Civ. P. 52(a) and *Clark v. National Bank of Commerce*, 304 Ark. 352, 802 S.W.2d 452 (1991), the appellees claim that the standard of review is clearly erroneous. However, both Ark. R. Civ. P. 52(a) and *Clark, supra*, deal with the review of factual findings made by the probate court. The summary judgment that is the subject of this appeal did not involve any factual findings. In fact, an order of summary judgment is only appropriate when there are no material issues of *fact* to be resolved, and the moving party is entitled to judgment as a matter of *law*. See *Hall, supra; Milam, supra; Renfro, supra* (emphasis added). Hence, clearly erroneous is not the appropriate standard of review.

█ In holding that the traditional standard of review for an order of summary judgment applies in this case, we are not unmindful of other cases where we have held that certain rules of civil procedure do not apply to probate proceedings because they are special proceedings under Ark. R. Civ. P. 81(a). See, e.g., *In re: Adoption of Baby Boy Martindale*, 327 Ark. 685, 940 S.W.2d 491 (1997); *Brantley v. Davis*, 305 Ark. 68, 805 S.W.2d 75 (1991); *Screeton v. Crumpler*, 273 Ark. 167, 617 S.W.2d 847 (1981). However, Ark. R. Civ. P. 81(a) provides that the rules of civil procedure do not apply when they are "different" from the procedure established in the statutes creating the special proceedings. In each

of the above cases, the statute creating the special proceeding provided for a procedure that was different from the relevant rule of civil procedure. Here, the probate code does not provide for a procedure that is different from the Ark. R. Civ. P. 56 on summary judgments. Hence, Ark. R. Civ. P. 56 and its relevant standard of review apply in this case.

## II. Substantial or Strict Compliance

The Arkansas Probate Code provides that "[a]ny person, *eighteen (18) years of age or older, competent to be witness generally in this state* may act as attesting witness to a will," and that the "execution of a will, other than holographic, must be by the signature of the testator and of at *least two (2) witnesses*." Ark. Code Ann. §§ 28-25-102(a) and 103(a) (1987) (emphasis added). In numerous cases, we have held that the first rule of statutory construction is to give the words of the statute their ordinary and usually accepted meaning in common language. *ERC Contractor Yard & Sales v. Robertson*, 335 Ark. 63, 977 S.W.2d 212 (1998); *Ford Motor Credit Co. v. Ellison*, 334 Ark. 357, 974 S.W.2d 464 (1998). We have also said that when the language of the statute is plain and unambiguous and conveys a clear and definite meaning, there is no reason to resort to rules of statutory construction. *State v. Havens*, 337 Ark. 161, 987 S.W.2d 686 (1999); *Office of Child Support Enforcement v. Terry*, 336 Ark. 310, 985 S.W.2d 711 (1999).

In this case, Ark. Code Ann. §§ 28-25-102 and 103 plainly and unambiguously require that a will must be signed by "at least two" attesting witnesses, who are "eighteen (18) years of age or older." Strictly construing this language, the trial court granted the appellees summary judgment. Ms. Norton, however, contends that substantial compliance with these two requirements is acceptable.

■ Ms. Norton is correct in her assertion that we have previously allowed substantial compliance[1] with other statutory requirements for executing a will. For example, we have allowed substantial compliance with the requirements that the testator "declare" the instrument to be his or her will, and that the decedent must "request" the attesting witnesses to sign the document. *See, e.g., Faith v. Singleton,* 286 Ark. 403, 692 S.W.2d 239 (1985); *Hollingsworth v. Hollingsworth,* 240 Ark. 582, 401 S.W.2d 555 (1966); *Hanel v. Springle,* 237 Ark. 356, 372 S.W.2d 822 (1963). Likewise, we have permitted substantial compliance with the requirement that the decedent sign at the "end" of the will. *See, e.g., Clark v. National Bank of Commerce,* 304 Ark. 352, 802 S.W.2d 452 (1991); *Weems v. Smith,* 218 Ark. 554, 237 S.W.2d 880 (1951).

■ ■ In contrast, we have required strict compliance with the requirement that there be at least two attesting witnesses.[2] *See, e.g., Burns v. Adamson,* 313 Ark. 281, 854 S.W.2d 723 (1993); *Johnson v. Hinton,* 130 Ark. 394, 197 S.W. 706 (1917). As with the number of attesting witnesses, the probate code clearly and unambiguously provides that the attesting witnesses be "eighteen (18) years of age or older." Ark. Code Ann. § 28-25-102(a). This unequivocal language leaves no room for judicial interpretation or substantial compliance. Accordingly, we hold that the trial court did not err when it ruled that the August 1, 1996 will was invalid

---

[1] We, however, disagree with Ms. Norton's assertion that we allowed substantial compliance in *Anthony v. College of the Ozarks,* 207 Ark. 212, 180 S.W.2d 321 (1944). In *Anthony,* we held that the will was valid because the appellant failed to rebut a presumption that the testator's signature was on the will at the time the attesting witnesses signed the instrument. *See also Burns v. Adamson,* 313 Ark. 281, 854 S.W.2d 723 (1993) (sufficiently rebutting the presumption).

[2] In the order of summary judgment, the trial court incorrectly cited *In re: Estate of Sharp,* 306 Ark. 268, 810 S.W.2d 982 (1991), as standing for the proposition that Ark. Code Ann. § 28-25-103(a) requires two witnesses to a will. *In re: Estate of Sharp, supra,* discusses the number of attesting witness who must *testify* in order to prove the will under Ark. Code Ann. § 28-40-117(a) (1987). It does *not* deal with the number of witnesses who must *sign* the will under Ark. Code Ann. § 28-25-103(a).

because one of the witnesses was less than eighteen years old at the time she signed it.

## III. Other Jurisdictions

Ms. Norton urges us to disregard the age requirement if the witness is otherwise competent. Ms. Norton is correct that some jurisdictions do not utilize an age requirement but instead require the attesting witness to be competent. *See* UNIF. PRO-BATE CODE § 2-505 (1993); WILLIAM J. BOWE & DOUGLAS H. PARKER, PAGE ON THE LAW OF WILLS §§ 19.80 and 19.81 (1960). The Arkansas General Assembly, however, has unequivocally spoken on the matter of who is a competent attesting witness. Specifically, the legislature has declared that: "Any person, eighteen (18) years or age or older, competent to be a witness generally in this state may act as [an] attesting witness to a will." Ark. Code Ann. § 28-25-102(a). The statute does not say eighteen "or" competent. It requires both. This was a policy determination properly made by the legislature. As we have said on numerous occasions, the determination of public policy lies almost exclusively in the legislative domain, and the decision of the General Assembly in that regard will not be interfered with by the courts in the absence of palpable error. *Minnesota Mining & Mfg. v. Baker*, 337 Ark. 94, 989 S.W.2d 151 (1999); *Adams v. Arthur*, 333 Ark. 53, 969 S.W.2d 598 (1998). Simply put, the legislature has clearly and unambiguously expressed its intention that the attesting witness be both competent and at least eighteen years of age, and we will not override or overlook those requirements.

For these reasons, we affirm the trial court's order of summary judgment.

BROWN, J., not participating.