Sylvia MORTON v. Todd PATTERSON,
Personal Representative of the Estate
of Leon Vincen Holland

CA 00-1364                                       54 S.W.3d 137

Court of Appeals of Arkansas
Division I
Opinion delivered September 12, 2001

*Walters, Hamby & Verkamp*, by: *Michael Hamby*, for appellant.

*Troy R. Douglas*, for appellee.

J OSEPHINE LINKER HART, Judge. Sylvia Morton appeals a probate court order that (1) denied her petition for the admission of a codicil to probate and the appointment of her as personal representative to the estate of Leon Vincen Holland, and (2) directed appellee to take into possession as estate assets two

vehicles, which the decedent had purportedly conveyed to appellant. For reversal, appellant argues that (1) the probate judge's finding that the decedent did not execute the codicil is not supported by substantial evidence, and (2) the probate court erred in finding that the two vehicles were assets of the estate. While we agree with appellant's second point on appeal, we conclude that the probate judge's finding that the decedent did not execute the codicil is not clearly erroneous. Therefore, we affirm in part, reverse in part, and remand for further action not inconsistent with this opinion.

Following Mr. Holland's death on September 8, 1999, appellee, on October 4, 1999, filed a petition seeking the admission to probate a will dated February 12, 1998. The will named appellee as the personal representative and provided, *inter alia*, for a bequest of $10,000 to appellant. An order admitting the will to probate and appointing appellee as personal representative was filed on October 13, 1999.

Thereafter, appellant filed a petition, seeking the admission to probate a codicil altering the previously-admitted will. The codicil dated July 19, 1999, devised to appellant all of decedent's "real estate, house, land, minerals and contents . . . ."

. At a hearing on appellant's petition, several witnesses testified as to the validity of the codicil. Included among those testifying were the individuals who signed as witnesses to the decedent's execution of the codicil and two handwriting experts. Both attestors to the execution of the codicil testified that the decedent had, in fact, signed the document in their presence and had, at that time, verbally acknowledged his intention to give his home and land to appellant. However, other testimony revealed that appellant's daughter-in-law notarized the codicil. Furthermore, appellant's husband[1] served as one of the witnesses to the codicil, and the second witness was the husband's close friend. Finally, despite the testimonial evidence that the decedent had executed the codicil, two separate handwriting experts from the Arkansas State Crime Laboratory opined that the decedent was not the person who signed the codicil.

---

[1] Ostensibly, this witness was not married to appellant at the time the codicil was purportedly executed; however, he was married to appellant at the time of the hearing.

The probate judge found that the codicil was not executed by the decedent and denied appellant's petition. He further ordered appellant to vacate the home and appellee to take possession of the home and its contents. Although appellant claimed ownership of two vehicles by virtue of a transfer of title to her by the decedent and there was no petition seeking relief, the probate judge ordered appellee to marshal the vehicles as assets of the estate. He also directed appellant to execute the necessary documents to effect conveyance to the estate. From the order embodying these decisions, comes this appeal.

## I. Standard of review

■■ Our standard of review in matters such as this is well-settled:

> Probate cases are reviewed *de novo* . . . [and] we will not reverse the probate judge's findings of fact unless they are clearly erroneous. . . . A finding is clearly erroneous when, although there is evidence to support it, we are left on the entire evidence with the firm conviction that a mistake has been committed.

*Eddins v. Style Optics, Inc.*, 71 Ark. App. 102, 105, 35 S.W.3d 315, 317 (2000) (citations omitted); *see also* Ark. R. Civ. P. 52(a). Furthermore, as it may pertain to findings of fact, we defer to the superior position of the probate judge to weigh the credibility of the witness. *See Blunt v. Cartwright*, 342 Ark. 662, 671, 30 S.W.3d 737, 742 (2000).

## II. Admission of codicil to probate

For reversal, appellant first alleges error based on a lack of substantial evidence to support the probate judge's finding that the signature on the codicil was not that of the decedent. In support of her assertion, she argues that the validity of the proper execution of the codicil was established by overwhelming evidence and directs our attention to her testimony and the testimony of the witnesses to the codicil.

Appellant testified that she had lived at decedent's residence since November 1995, when she began working for him as a housekeeper. In December 1996, she also became the primary care giver to the decedent and took over the care of his cattle. According

to her, the decedent had been on oxygen since his bypass surgery in 1996, and he took "a lot" of medication. During 1999, although he was alert most of the time, he was either in his bed, wheelchair, or recliner. Admitting to handwriting the codicil, appellant explained that she produced the document by taking "verbatim" the decedent's dictation and recording that information "word for word."

Appellant's husband, Joe Anderson, testified that he met appellant "four or five years ago" while mowing the decedent's grass, but their relationship did not begin immediately. According to him, he was in decedent's home to be paid for his mowing services and was asked by the decedent to witness the signing of the codicil, which the decedent, in fact, did. Finally, Anderson testified that in addition to the decedent and the two witnesses, appellant and her daughter-in-law, who notarized the witnesses' signatures, were also present at the time the decedent signed the codicil.

The other witness to the codicil, Tommy Johnson, testified that on July 19, 1999, he allowed appellant to borrow his tractor so Anderson could mow the decedent's grass. While accompanying Anderson to decedent's home, Johnson was asked by the decedent to witness his signing of the codicil, which he, in fact, did.

Appellee responded to appellant's evidence by presenting the testimony of two separate expert witnesses who independently reached the opinion that the decedent did not sign the codicil. In instances where the evidence is in conflict, we defer to the probate judge's better position to weigh the credibility of these various witnesses. In this case, we conclude that his finding that the codicil was not executed by the decedent was not clearly erroneous and affirm his denial of appellant's petition.

### III. Possession of two vehicles

Finally, appellant argues that the probate court erred by instructing appellee to take into possession two vehicles, the titles to which the decedent had purportedly conveyed to appellant. Specifically, appellant argues that the probate judge's action constituted reversible error because it granted relief to appellee on an issue that was improperly before the court. Appellee counters by arguing that appellant waived any dispute that the vehicles belonged to the estate when she failed to file an objection to an inventory that listed the vehicles as being a part of the estate. We, nevertheless, agree with appellant.

■ Section 10 of Act 140 of 1949, which is codified at Ark. Code Ann. § 28-1-109(a)–(b) (1987), states:

> Every application to the court, unless otherwise provided, shall be by petition signed and verified by or on behalf of the petitioner. This requirement shall be mandatory but not jurisdictional, and noncompliance therewith shall not alone be grounds for appeal.

Stated differently, unless a separate means is given, all relief sought under the probate code must come in the form of a petition that is signed and verified by or on behalf of the petitioner; however, if the petition is not signed and verified, then the court still retains jurisdiction to hear the petition, and a party cannot use the lack of a signature and verification as a reason to appeal the lower court's decision. The statute is unambiguous; accordingly, strict compliance is required. *See Eddins*, 71 Ark. App. at 111-112, 35 S.W.3d at 321 (citing *Norton v. Hinson*, 337 Ark. 487, 989 S.W.2d 535 (1999)).

Here, the only matter before the probate court was a petition that simply sought the admission of a codicil to probate. More important to our inquiry, no petition was filed that alleged that appellant held title to the vehicles and sought an order of possession of these vehicles. Notwithstanding this deficiency, the probate court made findings and granted appellee title and possession of the vehicles.

■ We agree that there is value in promptly resolving a controversy regarding who should have title to these vehicles; however, we cannot approve of such a summary proceeding inasmuch as it was beyond the plain meaning of Act 140 and deprived appellant of an opportunity to present a complete and thoughtful objection. On *de novo* review of this matter, we conclude that such an order failed to strictly comply with the unambiguous requirements set forth in Ark. Code Ann. § 28-1-109. Accordingly, we reverse the probate court's order directing appellee to take possession of the aforementioned vehicles.

Affirmed in part, reversed in part, and remanded.

ROAF, J., agrees.

PITTMAN, J., concurs.