2009 Ark. App. 497

**Dustin NORWOOD and Dylan Norwood, Appellants,**

v.

**Cathy SELLERS, Administratrix of the Estate of Thomas Norwood, Appellee.**

No. CA 08–952.

Court of Appeals of Arkansas.

June 24, 2009.

Mixon Law Firm, by: Donn Mixon, Jonesboro, for appellant.

L.D. Gibson, Trumann, for appellee.

JOHN MAUZY PITTMAN, Judge.

This case requires us to determine whether a January 2003 will was properly witnessed. The trial judge found that it was not, and he denied probate for failure to prove the will by the testimony of two attesting witnesses. Appellant argues that the trial court clearly erred in finding that the will did not meet the requirements of Ark.Code Ann. § 28–25–103 (Repl.2003), and in strictly construing that statute's provisions. We affirm.

We review probate matters de novo but will not reverse findings of fact unless they are clearly erroneous. *McAdams v. McAdams,* 353 Ark. 494, 109 S.W.3d 649 (2003). A finding is clearly erroneous when, although there is evidence to support it, we are left on the entire evidence with the firm conviction that a mistake has been committed. *Morton v. Patterson,* 75 Ark.App. 62, 54 S.W.3d 137 (2001). We defer to the superior position of the trial court sitting in a probate matter to weigh the credibility of the witnesses. *McAdams, supra.*

Arkansas Code Annotated section 28–25–103 provides that:

(a) The execution of a will, other than holographic, must be by the signature of the testator and of at least two (2) witnesses.

(b)(1) The testator shall declare to the attesting witnesses that the instrument is his or her will and either:

(A) Himself or herself sign;

(B) Acknowledge his or her signature already made;

(C) Sign by mark, his or her name being written near it and witnessed by a person who writes his or her own name as witness to the signature; or

(D)(i) At his or her discretion and in his or her presence have someone else sign his or her name for him or her.

(ii) The person so signing shall write his or her own name and state that he or she signed the testator's name at the request of the testator.

Here, one of the witnesses, Jeannie Rodgers, testified at the 2007 hearing that there were no other signatures on the document when she signed it; that the testator never told her that the document was his will or acknowledged his signature to her; that she did not see the testator or the other witness sign the document, and that neither one of them told her that they had signed it; that the testator and other witness left the room that she was in to a place where she could not hear what was being said; that she thought she was signing and notarizing a loan; and that she did not know that she had signed a will until the probate proceeding began. Questions were raised as to Ms. Rodgers's credibility. In a 2006 affidavit, she had stated that she was a subscribing witness to the will; that the testator requested that she sign it; and that she signed it in the presence of the testator. There was also proof that Ms. Rodgers had been convicted of embezzlement in 2004 or 2005. However, the trial court saw her demeanor as she testified and chose to believe her. Deferring to the trial judge's superior position to make that credibility determination, we cannot conclude that he clearly erred in finding as he did.

Appellant argues that the trial court erred in refusing to rule that, despite Ms. Rodgers's testimony, there was substantial compliance. We do not agree. In *Burns v. Adamson*, 313 Ark. 281, 854 S.W.2d 723 (1993), our supreme court held that the trial judge did not err in refusing probate where there was positive proof that the witness did not see the testatrix sign or acknowledge the will, stating that substantial compliance had never been extended to allow a witness to attest a will before the testator signs it and who in fact never sees the testator sign.

Affirmed.

ROBBINS and GRUBER, JJ., agree.