SLIP OPINION  Cite as 2017 Ark. App. 461

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-16-1149

|  |  |
|---|---|
| | Opinion Delivered September 20, 2017 |
| ANTHONY CHASE JONES<br>APPELLANT | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26DR-16-752] |
| V. | |
| APRIL FLORES SANCHEZ<br>APPELLEE | HONORABLE LYNN WILLIAMS, JUDGE |
| | AFFIRMED |

### BRANDON J. HARRISON, Judge

Anthony Jones appeals an order of protection entered against him. He asserts that he was not given timely notice and was denied the opportunity to attend the hearing or obtain counsel. We find no error and affirm.

On 20 September 2016, April Sanchez petitioned for an order of protection for herself and her daughter, A.J. The petition stated that A.J.'s father, Jones, was currently incarcerated but was scheduled to be released within thirty days. In her accompanying affidavit, Sanchez alleged that Jones had been increasingly angry and hostile toward her and had threatened to kill her and kidnap their daughter once he was released from prison. These threats had been made to her both over the phone and in person when she took their daughter to visit him in prison.

The circuit court entered an ex parte order of protection effective until 11 October 2016. On October 11, the court continued the case until October 25 and ordered that the

order of protection remain in effect until then. Both the ex parte order of protection and the continuance order were served on Jones at the Wrightsville Unit on October 20.

The court convened a hearing on October 25, which Jones did not attend, nor was he represented by counsel. The court was informed that Jones had been served on October 20 and that he was "scheduled to parole out like in May for some reason." The court proceeded to enter a five-year order of protection. The final order of protection was entered on October 25, and Jones filed a notice of appeal on November 21.

The standard of review on appeal from a bench trial is whether the court's findings are clearly erroneous or clearly against the preponderance of the evidence. *Paschal v. Paschal*, 2011 Ark. App. 515. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id*. Disputed facts and determinations of the credibility of witnesses are within the province of the fact-finder. *Id*.

For his first point on appeal, Jones notes that the final hearing was held five days after he had been served and appears to argue that he should have had sixty days to file a response, citing Ark. R. Civ. P. 12(a)(1) (2016). He further argues that he was not transported to the hearing and was thus denied an opportunity to defend himself at the hearing. However, proceedings filed under the Domestic Abuse Act are special proceedings, and to the extent that the statutes creating special proceedings provide for a procedure that is different from our rules of civil procedure, the rules of civil procedure do not apply. *See* Ark. R. Civ. P. 81(a) (2016); *Norton v. Hinson*, 337 Ark. 487, 989 S.W.2d 535 (1999). Arkansas Code Annotated section 9-15-204(b)(1)(A) (Repl. 2015) requires that service be made upon the

respondent at least five days before the date of the hearing, which was done in this case. In addition, the circuit court has no obligation to arrange the transport of the respondent to the hearing; if Jones wished to attend the hearing, he should have requested transportation or arranged representation.

For his second point on appeal, Jones argues that he was denied a sufficient opportunity to obtain counsel because the five days prior to the hearing included a weekend, which effectively left him only three days. Normally, under Ark. R. Civ. P. 6(a), when a period of time prescribed or allowed is less than fourteen days, intermediate Saturdays, Sundays, and legal holidays are excluded in the computation. But again, because this was a special proceeding governed by its own rules, the rules of civil procedure do not apply. *See* Ark. R. Civ. P. 81(a). And § 9-15-204 provides no mechanism for setting aside intermediate Saturdays, Sundays, or legal holidays.

Finally, Jones argues that as an incarcerated inmate, his phone calls are monitored and recorded; thus, he can show that he never spoke to Sanchez on the phone as she alleged in her petition. There are a couple of problems with this argument: (1) Jones has failed to provide any phone records showing that he had not spoken to Sanchez, and (2) Sanchez also alleged that she had been threatened in person during their daughter's visitation, which Jones does not refute. We hold that Jones has shown no reversible error and affirm the order of protection.

Affirmed.

GRUBER, C.J., and ABRAMSON, J., agree.

*Anthony Jones*, pro se appellant.
One brief only.

3