EDWARDS *v.* KNOWLES.

5-857                                      287 S. W. 2d 449

Opinion delivered February 27, 1956.

*Brockman & Brockman* and *Sam M. Levine,* for appellant.

*Reinberger & Eilbott,* for appellee.

J. SEABORN HOLT, Associate Justice. This appeal questions the action of the Jefferson Probate Court in admitting to probate the will of John W. Knowles, dated August 8, 1949.

For reversal appellants rely on the following points: "1. That the evidence and record conclusively show that the will was not executed at the time, place, or in the manner, alleged by the proponent of the will, and no other proof was submitted bearing on the execution of the will. 2. The proponent of the will has failed to produce testimony as to the circumstances attending the signing of the will and that there is no showing that the essential requirements in the execution of the will, as prescribed under Section 19 of Act 140 of the General Assembly of 1949, [now § 60-403 Ark. Stats. 1947 Supplement] were met and complied with."

It appears to be conceded that the signature of "John W. Knowles" to the will is authentic and that the testator executed it at a time when he possessed mental capacity to do so, and without undue influence. The will recited in part:

". . . IN TESTIMONY WHEREOF, I have hereunto set my hand, published and declared this to be my last will and testament in the presence of witnesses named below this 8th day of August, 1949.

/s/ John W. Knowles

. John W. Knowles this day signed, published and declared the above as and for his last Will and Testament in our presence and at his request we have subscribed our names hereto as attesting witnesses in the presence of the testator and in the presence of each other.

ALL DONE this 8th day of August, 1949.

/s/ S. L. McCohn
/s/ Lillie M. Smith."

1026

As indicated the testator signed the will. The living witness to the will, "S. L. McCohn" [sister-in-law of the testator] testified that she was called to the office of Mr. Toney, an attorney, by the testator and witnessed the will there; that, Mr. Toney was reading the will to the testator when she walked into his office; that, she saw the testator sign it and then at his request she signed it; that, the other witness, Lillie M. Smith [now deceased] was present and also at the testator's request signed the will in S. L. McCohn's presence and in the presence of the testator. Five other witnesses identified the signature of "Lillie M. Smith," the deceased witness to the will.

In their argument appellants say: "There is only one issue raised by the appeal in this cause. It can be resolved in the answer to the question as to whether or not the widow of John W. Knowles, as the petitioner for the probate of his will, has discharged the burden of proof devolving on her to show that the purported will was executed and witnessed in conformity with the Statutes.

"If the fantastic and incredible narrative of the widow and her sister attains the dignity of preponderant proof that the will was executed by Knowles and witnessed by the sister of the widow in Mr. Toney's law office, then, concededly, there is no validity to the contention of appellants that this matter should be reviewed in this Court. . . ."

In support of this contention they offer the testimony of two witnesses, Mr. Toney's secretary, Mrs. Armstrong, and that of Dr. Lawlah. Their testimony, however, which is negative in nature, can afford them little comfort. Mrs. Armstrong testified: "Q. And now can you tell this court the will wasn't executed in your office? A. No, I wouldn't say it wasn't, but I do not remember anything about the execution of it. . . . Q. If the court should ask this question 'Shirley Armstrong, you are under oath, tell us, was the will executed in Mr. Toney's office, or was it not?' You cannot give the answer? A. No. . . . Q. Under that condition, you certainly will not tell the court it was not executed in your office? A. No." [Tr. pages 72 & 73.]

In an effort to show that Knowles was confined to his bed and could not have gone to Mr. Toney's office to execute the will on August 8, 1949, they offered the testimony of Dr. Lawlah, who testified: "Q. Are you willing to swear he would not walk out August 8th? A. I was away, so I couldn't swear what happened on August 8th. Q. It has been sworn in this courtroom, that on August 8, 1949, he went to Mr. H. K. Toney's office and signed a will, which will is marked McCohn Exhibit 'A.' Could you swear he wasn't physically able to walk down town, or go in a car, to Mr. Kemp Toney's office? A. I could not. . . . Q. You didn't see this man from July 26th to September 1st? A. No."

After a review of all the evidence we have concluded that the findings of the trial court were not only not against the preponderance of the testimony but are supported by the great preponderance thereof.

On the general rule applying to the execution of wills we said in *Anthony* v. *College of the Ozarks*, 207 Ark. 212, 180 S. W. 2d 321, "No presumption of the due execution of a will arises from the mere production of an instrument purporting to be a last will and testament. . . . Where, however, in proceedings for the probate of an instrument as a will it appears to have been duly executed as such, and the attestation is established by proof of the handwriting of the witnesses or otherwise, although their testimony is not available, or they do not remember the transaction, it will be presumed, in the absence of evidence to the contrary, that the will was executed in compliance with all the requirements of law, including those relating to publication, attestation in the presence of the testator, and the affixing of the testator's signature prior to those of the witnesses."

Affirmed.