Charles UPTON III and Sue Love Upton *v.* Joyce UPTON,
Administratrix of the Estate of Charles J. Upton, Jr.,
Deceased

CA 88-64            759 S.W.2d 811

Court of Appeals of Arkansas
Division II
Opinion delivered November 16, 1988

*Morgan E. Welch*, for appellants.

*Saxton & Ayres*, for appellee.

MELVIN MAYFIELD, Judge. Charles J. Upton, Jr., died on December 14, 1985, survived by two adult children from his first marriage, his second wife, Joyce, and their daughter, Pamela Rene Upton. A will dated June 12, 1979, left Upton's entire estate to his wife Joyce. Upton's two adult children, appellants herein, appeal from the decision of the probate court admitting their father's will to probate. Their stepmother, as executrix of her husband's estate, is the appellee.

On appeal, the appellants argue that the appellee failed to prove the proper execution of the will. They cite Ark. Stat. Ann. § 60-403 (Repl. 1971) [now Ark. Code Ann. § 28-25-103 (1987)] which they contend "requires two attesting witnesses who sign in the presence of the testator and of each other," and appellants

claim that the evidence does not "prove that these formalities were followed."

We first point out that appellants are mistaken in their contention that the attesting witnesses are required to sign the will in the presence of each other. In *Coleman* v. *Walls*, 241 Ark. 842, 844, 410 S.W.2d 749 (1967), the court said: "There has never been any requirement in Arkansas that the two witnesses sign in the presence of each other, though in construing our original statute we said that such a course might be most prudent." *Coleman* was considering Ark. Stat. Ann. § 60-403 (Supp. 1965), but Ark. Stat. Ann. § 60-403 (Repl. 1971), which is applicable in the present case, contains the same provisions as were considered in *Coleman.*

As to the sufficiency of the evidence in regard to the other formalities, the evidence shows that one of the witnesses to Upton's will, William E. Hightower, was the former law partner of the attorney who prepared the will, James C. McCaa, but Hightower was unavailable to testify because he had predeceased Mr. Upton. The other witness, Clyde A. Self, testified that he was called by Upton and asked to come to McCaa's office to witness Upton's will. He said he observed Upton sign the will and then signed as a witness. He remembered Joyce Upton and McCaa being in the office but could recall no one else being present. He said he left as soon as he had signed the will. He also testified that he had known Upton for twenty to twenty-five years, knew that Upton was an alcoholic and knew that Upton had been very ill. However, Self said, on the day of the will signing, Upton looked well, did not appear to him to have been drinking and did not appear to be acting under improper influence of anyone.

McCaa, who currently resides in Virginia, testified by deposition upon written interrogatories that he prepared the will for Upton, following Upton's instructions. He said he reviewed the contents of the will with Upton before its execution and was satisfied that Upton understood its provisions and that they represented his wishes. McCaa said he never observed any conduct of Joyce Upton which indicated that she was attempting to influence Upton in any way. In response to interrogatory number 6, "Where was this Will executed?" McCaa replied, "At my then office in West Memphis, Arkansas, at the corner of 4th

Street and Broadway."

Based upon this evidence, the probate judge found that the will had been properly executed and should be admitted to probate. It is clear that if attesting witnesses are unavailable, the genuineness of their signatures, and the signature of the testator, may be proved by two credible witnesses who are disinterested. *See Walpole* v. *Lewis*, 254 Ark. 89, 92, 492 S.W.2d 410 (1973), and Ark. Stat. Ann. § 62-2117 (Repl. 1971).

In explaining his decision, the trial judge read from the opinion in *Walpole* where the Arkansas Supreme Court said:

> In determining whether there is sufficient proof of the only lacking essential, we follow our historical practice of avoiding a strict technical construction of statutory requirements where there is no indication of fraud, deception, imposition, or undue influence. If that were not done but few wills could be sustained. As a corollary, the meeting of some of the requirements for due execution may be inferred from all the attending circumstances. The only fair inference to be drawn from the circumstances shown here is that Arthur F. Turley signed as an attesting witness at the request of Lovie Harris. As we said in *Hanel*, it would be a strict, if not a dangerous, construction to require proof that the testator made a specific request of each witness to sign his name as a witness before the will is held valid. [Citations omitted.]

254 Ark. at 94. Relying upon the *Walpole* rationale, the judge said that the only reasonable inference that could be made from the deposition of McCaa in the instant case, particularly the number 6 question and answer, would be that Upton's will was properly signed by the testator and the attesting witnesses.

Appellants argue that no presumption should arise in the present case because Self did not remember seeing any other witness in the room at the time Upton executed the will and Self witnessed it, and two *disinterested* persons must verify the authenticity of the testator's signature. They argue that McCaa is not disinterested because he prepared the will and it is in his professional interest that the court hold it valid. The Arkansas Supreme Court, however, has held that the attorney who drafted

a will and was named therein as attorney for the estate was a qualified attesting witness. *Sullivant* v. *Sullivant*, 236 Ark. 95, 98, 364 S.W.2d 665 (1963), and *Rosenbaum* v. *Cahn*, 234 Ark. 290, 305, 351 S.W.2d 857 (1961). Therefore, we think the judge could properly consider McCaa's deposition in making his decision.

■ The appellants also contend that McCaa's deposition did not address the formalities that are required by Ark. Stat. Ann. § 60-403 (Repl. 1971) and that it was error to presume from the overall tenor of his testimony that those formalities were complied with. In *Edwards* v. *Knowles*, 225 Ark. 1024, 287 S.W.2d 449 (1956), the court said it is the general rule that no presumption of the due execution of a will arises from the mere production of an instrument purporting to be a last will and testament; however, where a will is presented which appears to have been properly executed, and the attestation is established by proof of the handwriting of the witnesses, it will be presumed, in the absence of evidence to the contrary, that the will was executed in compliance with the requirements of the statute. 225 Ark. at 1027.

More recently, in *Green* v. *Holland*, 9 Ark. App. 233, 657 S.W.2d 572 (1983), after citing some of the cases cited here, this court stated:

> The requirements for establishing an attested will must be read together and construed to permit establishment of the will by any legally admissible evidence or requisite facts in order that the testatrix's wishes may not be thwarted by straightlaced construction of statutory language where there is no indication of fraud, deception, imposition or undue influence.

9 Ark. App. at 241-42.

■ Probate cases are tried de novo on appeal, but the decision of the probate judge will not be reversed unless it is clearly against the preponderance of the evidence. *Conkle* v. *Walker*, 294 Ark. 222, 742 S.W.2d 892 (1988).

■ After reviewing the record, the testimony of Mr. Self, the deposition of Mr. McCaa, and the will itself, we have concluded that the trial judge's decision that the inference from

McCaa's deposition that the will was properly signed and attested is not clearly against the preponderance of the evidence.

Affirmed.

CORBIN, C.J., and CRACRAFT, J., agree.