David CARTER *v.* Glenda MEEK

CA 99-1436                                        20 S.W.3d 417

Court of Appeals of Arkansas
Division IV
Opinion delivered June 28, 2000

*Bullock & Van Kleef,* by: *Bunny Bullock,* for appellant.

*Mobley Law Firm, P.A.,* by: *Jeff Mobley,* and *Skelton & Steuber, P.A.,* by: *Kristin Steuber,* for appellee.

JOHN B. ROBBINS, Chief Judge. This is the second appeal taken by appellant David Carter from orders issued by the Pope County Probate Court. Mr. Carter's wife, Charlene, was involved in an automobile accident on September 1, 1997, and suffered injuries leading to her death on October 18, 1997. Mrs. Carter's mother, appellee Glenda Meek, filed a petition for appointment as personal representative and probate of the decedent's will on October 20, 1997, and on the same date the probate court appointed Mrs. Meek as executrix and admitted the will to probate. On December 10, 1997, the probate court issued an order approving Mrs. Meek's petition to settle the wrongful-death claim resulting from her daughter's death for $25,000.00.

In his first appeal, Mr. Carter challenged the December 10, 1997, order, arguing that the probate court erred in approving the settlement without first giving him notice. In *Carter v. Meek* (CA 98-264), an unpublished opinion delivered on October 28, 1998, we found that Mr. Carter was not entitled to notice and affirmed the order approving the wrongful-death settlement. In the first appeal, Mr. Carter also contended that the probate court erred in failing to hold a hearing on his motion to set aside the order admitting the will to probate and appointing a personal representative, but we declined to address that issue because it was raised for the first time in his reply brief.

After we issue our mandate, the trial court heard Mr. Carter's motion to set aside the order admitting the will to probate and appointing Mrs. Meek personal representative. During the hearing, Mr. Carter argued that the will should not have been admitted to probate because it was not proved by any accepted method set out in Ark. Code Ann. § 28-40-117 (1987), which provides in pertinent part:

(a) An attested will shall be proved as follows:

(1) By the testimony of at least two (2) attesting witnesses, if living at known addresses within the continental United States and capable of testifying; or

(2) If only one 1 [*sic*] or neither of the attesting witnesses is living at a known address within the continental United States and capable of testifying, or if, after the exercise of reasonable diligence, the proponent of the will is unable to procure the testimony of two (2) attesting witnesses, in either event the will may be established by the testimony of at least two (2) credible disinterested witnesses. The witnesses shall prove the handwriting of the testator and such other facts and circumstances, including the handwriting of the attesting witnesses whose testimony is not available, as would be sufficient to prove a controverted issue in equity, together with the testimony of any attesting witness whose testimony is procurable with the exercise of due diligence.

The probate court refused to set aside its prior order, and issued an order on May 24, 1999, which stated, "the Order Admitting Will to Probate is hereby affirmed and the Proof of Will and its attestation were adequately shown by the evidence herein." Mr. Carter now appeals from the May 24, 1999, order, arguing that the trial court erred in admitting the will to probate because (1) the proponent failed to prove the will by either two attesting witnesses or two credible disinterested witnesses, and (2) there was no showing that any diligence was exercised in procuring the testimony of one of the attesting witnesses. We agree, and we reverse the order from which this appeal was taken.

The two attesting witnesses to the will were Rhonda Rugger and Gary Chapman, but only Ms. Rugger testified at the hearing. She stated that she was the attending nurse for Mrs. Carter when Mrs. Carter was hospitalized following the accident. At the request of Mrs. Carter, Ms. Rugger signed the will on September 10, 1997. According to Ms. Rugger, Mrs. Carter was lucid and fully understood what was happening and why she was executing a will. Ms. Rugger testified that she saw Mrs. Carter read and sign the will, but she could not recall who else witnessed the execution of the will. She stated, "I don't remember whether another gentlemen was there."

Mrs. Meek also testified at the hearing, and she stated that she was present when her daughter signed the will. Mrs. Meek further

testified that she witnessed both Ms. Rugger and Mr. Chapman sign it.

We hold that the probate court erred in failing to set aside its order admitting the will to probate because there was complete lack of evidence as to whether Mr. Chapman was living at a known address within the United States, or whether any diligence was exercised in procuring his testimony at the hearing. We acknowledge that, during the hearing, Mrs. Meek's counsel stated that Mr. Chapman had been subpoenaed for the hearing but failed to appear. However, this did not constitute evidence and there was no testimony as to any effort made on the part of the appellee to procure Mr. Chapman's presence. Moreover, while the record reflects that Ms. Rugger was subpoenaed, it does not contain a subpoena issued for the appearance of Mr. Chapman. The provisions of section 28-40-117 require that the will shall be proved by the testimony[1] of two attesting witnesses unless one or both witnesses are not living at a known United States address and capable of testifying, or cannot be secured by reasonable diligence, and in this case the appellee failed to present proof that either of these exceptions was applicable.

The proponents of a will have the burden of proving the genuineness of the signatures of the testatrix and the attesting witnesses, and once shown, the burden shifts to the contesting party to prove the signatures were forgeries. *Ross v. Edwards*, 231 Ark. 902, 333 S.W.2d 487 (1960). Probate cases are tried de novo on appeal, but the decision of the probate court will not be reversed unless it is clearly against the preponderance of the evidence. *Upton v. Upton*, 26 Ark. App. 78, 759 S.W.2d 811 (1988). In the instant case, the probate court's decision that Mrs. Meek met her burden to prove proper execution of the will was clearly against the preponderance of the evidence and contrary to the requirements of section 28-40-117. Therefore, its order affirming the admission of the will to probate must be reversed.

---

[1] The subject will was initially admitted to probate with the testimony of the required witnesses being presented by proof-of-will affidavits, as permitted by Ark. Code Ann. § 28-40-118(a) (1987). However, because a contest of the will was subsequently filed, § 28-40-118(b) required that the attesting witnesses appear and testify at the will-contest trial unless one of the exceptions listed in § 28-40-117(a) was applicable.

Reversed and remanded for further action consistent with this opinion.

BIRD and MEADS, JJ., agree.