Sterling K. WALBURN *v.* Bill LAW,
*Executor* of the Estate of Irene Lessing

CA 01-1053                                        72 S.W.3d 543

Court of Appeals of Arkansas
Division III
Opinion delivered April 24, 2002

*Matthews, Campbell, Rhoads, McClure, Thompson & Fryauf, P.A.*, by: *Edwin N. McClure*, for appellant.

*Everett Law Firm*, by: *John C. Everett* and *John M. Scott*, for appellee.

L ARRY D. VAUGHT, Judge. Appellant argues that appellee, the personal representative of the decedent's estate, failed to prove that the decedent's last will and testament was properly executed. Specifically, appellant contends that the trial court's ruling that the will was properly admitted to probate, in spite of the fact that the attestation clause was not notarized, amounts to reversible error. Additionally, appellant requests that on remand this court apply the "rule of the case" and disallow any additional evidence concerning the genuineness of the attesting witnesses' signatures. We affirm.

On November 17, 1997, attorney Robert Boyer met with the decedent, Irene Lessing, regarding the execution of a new will. On November 20, 1997, Mr. Boyer returned to the hospital (where Ms. Lessing was a patient) and completed the execution of

the will. Two nurses at the hospital; Susan Herrick and Beth Watson (now Main), witnessed the will and signed the attestation clause. Ms. Lessing died on November 30, 1997, and her will was admitted to probate on December 3, 1997, upon the filing of the petition for probate of the will and appointment of a personal representative.

On March 6, 1998, appellant, Sterling Walburn (the decedent's nephew), filed his petition to set aside the will, alleging legal incapacity, undue influence, and procurement of the will. On November 16, 1999, appellant filed an amended petition essentially alleging the same three grounds for setting aside the will. The case was heard on March 20, 2001. During the trial, appellant argued (for the first time) that the will in question was improperly admitted to probate because it did not contain a proof of will that was notarized. At trial, appellee put on proof that the will was properly witnessed. In its order, dated April 2, 2001, the trial court found that:

> [T]he order admitting the [w]ill to probate dated December 30, 1997, is conclusive on the issue that the [w]ill was properly signed and witnessed in accordance with [the] law; and furthermore, the evidence was presented from one of the attesting witnesses stating that she signed the [w]ill in the presence of the other subscribing witnesses and in the presence of the Testator, Irene Lessing.

Appellant dismissed his claim of lack of legal capacity, and the court directed verdicts in favor of appellee on the claims of undue influence and procurement. On April 9, 2001, appellant filed a timely notice of appeal. On appeal, appellant challenges the trial court's finding that the will was properly witnessed.

As a preliminary matter, appellee suggests that appellant's failure to raise the issue of proper execution of the will until the day of trial bars our review of the issue on appeal. We disagree. The trial court specifically addressed the valid admission of the will to probate in its final order, and appellee waived any objection to the propriety of the issue being heard when he put on testimony at trial on the issue. Therefore, the question is properly before our court.

██ ██ We review probate proceedings de novo, and we will not reverse the decision of the probate court unless it is clearly erroneous. *Dillard v. Nix*, 345 Ark. 215, 45 S.W.3d 259 (2001). When reviewing the proceedings, we give due regard to the opportunity and superior position of the probate judge to determine the credibility of the witnesses. *Id.*

In his first two points on appeal, appellant argues that Ms. Lessing's will should not have been admitted to probate because appellee failed to prove that the will had been properly executed. Specifically, appellant argues that appellee failed to prove the genuineness of the attesting witnesses' signatures. His primary evidence to support this claim is that the attestation clause submitted to probate bearing the signatures of the two nurses who witnessed the will was not notarized.

Arkansas Code Annotated section 28-25-103 (1987) outlines the procedure to be followed when executing a will. The statute provides:

> (a) The execution of a will, other than holographic, must be by the signature of the testator and of at least two (2) witnesses.
>
> (b) The testator shall declare to the attesting witnesses that the instrument is his will and either:
>
> (1) Himself sign; or
>
> (2) Acknowledge his signature already made; or
>
> (3) Sign by mark, his name being written near it and witnessed by a person who writes his own name as witness to the signature; or
>
> (4) At his discretion and in his presence have someone else sign his name for him. The person so signing shall write his own name and state that he signed the testator's name at the request of the testator; and
>
> (5) In any of the above cases, the signature must be at the end of the instrument and the act must be done in the presence of two (2) or more attesting witnesses.
>
> (c) The attesting witnesses must sign at the request and in the presence of the testator.

Arkansas Code Annotated section 28-40-117 (1987) explains the procedure whereby a party proves the validity of an attested will. The statute in relevant part states:

(a) An attested will shall be proved as follows:

(1) By the testimony of at least two (2) attesting witnesses, if living at known addresses within the continental United States and capable of testifying; or

(2) If only one (1) or neither of the attesting witnesses is living at a known address within the continental United States and capable of testifying, or if, after the exercise of reasonable diligence, the proponent of the will is unable to procure the testimony of two (2) attesting witnesses, in either event the will may be established by the testimony of at least two (2) credible disinterested witnesses. The witnesses shall prove the handwriting of the testator and such other facts and circumstances, including the handwriting of the attesting witnesses whose testimony is not available, as would be sufficient to prove a controverted issue in equity, together with the testimony of any attesting witness whose testimony is procurable with the exercise of due diligence.

* * *

(d) The provisions of this section as to the testimony of subscribing witnesses shall not exclude the production of other evidence at the hearing on the petition for probate, and the due execution of the will may be proved by such other evidence.

In reaching our conclusion that Mrs. Lessing's will was properly witnessed in accordance with the statutory scheme set out above, we rely heavily on two points of trial testimony. First, Mrs. Lessing's attorney testified:

> [t]here were two nurses there to witness the will. So I presented it to her and she read it. My secretary Clara Holbrook again was there to notarize the will, the attestation, proof of will, and after she read it I asked her if that is what she wanted to do. She said that it was in the presence of the two nurses and in my presence and in the presence of Clara Holbrook, and she executed the will.

Second, one of the attesting witnesses (Beth Main) was asked "did you see Mrs. Lessing at the St. Mary's hospital in Rogers?" Ms. Main replied, "yes, I did." She was then asked "did you have occasion to witness her signature on a will?" She again replied, "yes, I did." Additionally, Ms. Main testified that she witnessed the other attesting witness, Susan Herrick, sign the will.

██ ██ Arkansas Code Annotated section 28-40-117(a)(2) provides an alternative means of proving a will, if the proponent of a will is unable to procure the testimony of the two original attesting witnesses. The will may be established by the testimony of at least two credible disinterested witnesses. In this case, one of the attesting witnesses (Beth Main) and the attorney who prepared Mrs. Lessing's will testified that they witnessed the execution of the will. The testimony of the attorney who drafted a will, but who was not named as a beneficiary in the will, can satisfy the "credible disinterested witness" testimony requirement of section 28-40-117(a)(2). *Upton v. Upton,* 26 Ark. App. 78, 759 S.W.2d 811 (1988).

██ In *Upton, supra,* one of the witnesses to the decedent's will was unavailable[1] to testify at trial. The attorney who prepared the will testified by deposition upon written interrogatories that he prepared the will for the decedent, that he reviewed the contents of the will with the decedent before its execution, that he was satisfied that the decedent understood its provisions, and that those provisions represented the decedent's wishes. *Id.* We concluded that, when a will is presented that appears to have been properly executed, and the attestation is established by proof of the handwriting of the witnesses, it will be presumed, in the absence of evidence to the contrary, that the will was executed in compliance with the requirements of the statute. *Id.*

██ Here, the evidence is ample to support the trial court's ruling that the will was properly executed. It is clear from the evidence that Mrs. Lessing wished to leave a will disposing of her property in a way that is contrary to intestate succession. She signed the will in the presence of four disinterested parties (her attorney, her attorney's secretary, and two nurses). Two of the four witnesses testified at trial.

The decision of the trial court is affirmed, and, therefore, we need not address appellant's third point of appeal requesting a specific instruction from our court regarding the application of the rule-of-the-case doctrine on remand.

Affirmed.

GRIFFEN and BAKER, JJ., agree.

---

[1] The attesting witness had predeceased the decedent.